## HENRY H. APLIN, AUDITOR GENERAL, v. W. B. & E. W. STILES.

*Taxes—Warrant—Law of 1889—Title of act—Petition—Subpœna— Parties—Fraud.*

1. The one *object* of the tax law of 1889 (Act No. 195, Laws of 1889) is to provide for the collection of the revenue of the State, whether uncollected at the time of its passage or to be levied and collected in the future, which object is fully expressed in the title.

2. Certain provisions of the tax law of 1889, for the sale of delinquent lands, are construed as follows:

   *a*—The petition is filed against the land, and must pray a decree in favor of the State against the land.

   *b*—No personal decree can be entered against the delinquent tax-payer, whether that term applies to the owner of the land when assessed or to the owner at time of filing the petition; and it is apparent that no purpose can be subserved by serving a subpœna upon the former.

   *c*—The owner of the land at the time the petition is filed is a *proper* party, and it can be of no possible benefit or interest

to him that his immediate or remote grantor be made a party. If he has a warranty deed, he may notify the grantor therein to come in and defend the action; but the State is only interested in the proceedings against the land.

3. A warrant for the collection of taxes is not fatally defective because addressed "to the treasurer of the township of———," if it is properly signed by a supervisor of a specified township, and is annexed to its tax roll; citing *Bank v. St. Joseph*, 46 Mich. 526.

4. Allegations in an answer to a petition filed under the tax law of 1889, that defendants' lands were assessed beyond their cash value, and that "said excessive assessment was fraudulent and void," is too general and insufficient to permit evidence of fraud. The specific acts which are claimed to constitute fraud must be set forth, and it should also be alleged whether the fraud was that of the supervisor or board of review.

5. An excessive assessment (valuation) of land is not sufficient evidence of corrupt and fraudulent conduct on the part of the assessor or board of review.

6. If the defendants, by their answer, had based a defense upon the fact that the board of review had increased their assessments over those fixed by the supervisor without notice to them, they might have brought themselves within the rule in *Avery v. East Saginaw*, 44 Mich. 587; but no such issue is made by the pleadings.

Appeal from Newaygo. (Palmer, J.) Argued November 12, 1890. Decided December 5, 1890.

Petition for sale of delinquent tax lands under Act No. 195, Laws of 1889. Defendants appeal. Affirmed. The facts are stated in the opinion.

*George Luton*, Prosecuting Attorney, for petitioner.

*M. W. Underwood*, for defendants.

[The points of counsel are stated in the opinion.— REPORTER.]

GRANT, J. This is a proceeding by petition, under the general tax law of 1889, Act No. 195 (3 How. Stat.

p. 2936), for the sale of lands delinquent for the non-payment of the taxes assessed thereon for the year 1887.

Four objections are made to the validity of the proceedings:

1. The title to the act, and the law itself, embrace two objects, and are therefore in violation of section 20 of Article 4 of the Constitution, that "no law shall embrace more than one object, which shall be expressed in its title."

2. The court did not acquire jurisdiction by the service of its subpœna upon the defendants, who were not the owners of the land at the time the assessments were made.

3. The warrant does not show affirmatively to whom it is addressed, and is not addressed to the treasurer of any specified township.

4. The values placed upon the defendants' lands were excessive, and, for that reason, fraudulent and void.

The title to this act is as follows:

"An act to provide for the assessment of property, and the levy of taxes thereon, and for the collection of taxes *heretofore* or *herefter* levied."

The object of the law is fully expressed in the title, and complaint is made only that it is of a dual character, in that it provides for the sale of lands delinquent for past as well as future assessments. We see no force in the objection. The one object of the law is to provide for the collection of the revenue of the State. This object includes that which was uncollected at the time of the passage of the act, as well as that to be levied and collected in the future. The cases cited by defendants' counsel were all decided upon the ground that the titles to the acts therein considered made no reference to the taxes which had previously been levied, and that, therefore, the acts were prospective only. The title to this act was evidently framed with reference to those

decisions, and has avoided this defect in the former acts.[1]

2. The second objection is purely technical, and without merit. The petition is filed against the land, and must pray a decree in favor of the State against the land. Section 52. No personal decree can be entered against the delinquent tax-payer, whether that term applies to the owner of the lands when assessed or to the owner at the time of filing the petition. Section 57. It is apparent that no purpose can be subserved by serving a subpœna upon the former. Section 53 provides that a subpœna shall issue directed to each delinquent tax-payer, directing him to appear and plead within a specified time, or, in default thereof, said petition shall be taken as confessed by such delinquent tax-payer. What sense in requiring a subpœna to be served upon one when a decree cannot be rendered affecting either him or his property? Certainly the owner of the land at the time of filing the petition is a proper party. It can be of no possible benefit or interest to him that his immediate or remote grantor be made a party. If he has a warranty deed, he may notify the grantor therein to come in and defend the action. The State is only interested in the proceedings against the land.

3. The third objection is ruled by *First Nat'l Bank v. St. Joseph,* 46 Mich. 526.

4. To the fourth objection there are two complete answers:

1. The allegation in the answer is too general and insufficient to permit evidence of fraud. The only allegation is that the lands were assessed beyond their cash value, and that "said excessive assessment was fraudulent

---

[1] *People v. Denahy,* 20 Mich. 349; *Auditor General v. Supervisors,* 36 Id. 70, 76; *Nester v. Busch,* 64 Id. 657; *Thomas v. Collins,* 58 Id. 64.

and void." The specific acts which are claimed to constitute fraud must be set forth, and in this case it should also be alleged whether the fraud was that of the supervisor or the board of review.

2. The testimony offered was directed solely to show the excessive assessment. This alone is not sufficient evidence of corrupt and fraudulent conduct on the part of the assessor or board of review. If the defendants, by their answer, had based a defense upon the fact that the board of review had increased their assessments over those fixed by the supervisor without notice to them, they might have brought themselves within the rule in *Avery v. East Saginaw*, 44 Mich. 587. But no such issue is made by the pleadings.

Decree affirmed.

CHAMPLIN, C. J., CAHILL and LONG, JJ., concurred.
MORSE, J. I concur in the result.