HUDSON-WEBBER REALTY COMPANY *v.*
CITY OF SOUTHFIELD

1. TAXATION—REAL PROPERTY TAXES—PAYMENT UNDER PROTEST—SUIT FOR RECOVERY.

A person paying taxes under protest may succeed in a civil action to recover the taxes if the tax is shown to be illegal (CL 1948, § 211.53, as amended by PA 1962, No 133).

2. TAXATION—REAL PROPERTY TAXES—LEGALITY—EXCESSIVE RATE—CHANGE IN USE—REZONING.

Rezoning may result in a substantial change to property even though the property has not been physically changed and a change in the assessed valuation of the property for local

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 51 Am Jur, Taxation § 1189.
[2] 51 Am Jur, Taxation §§ 119–121.
[3] 51 Am Jur, Taxation §§ 745, 746, 792.
[4] 51 Am Jur, Taxation §§ 985, 1167, 1183.

property tax purposes does not require written consent of the state tax commission when rezoning results in such a change (CLS 1961, § 211.152).

3. TAXATION—REAL PROPERTY—STATE TAXATION—EXCESSIVENESS.

An overvaluation of land for tax assessment purposes is not by itself sufficient evidence of fraud, and the assessment of plaintiff's property will not be held fraudulent as a matter of law where it is within the range of appraisals and the record shows no discrimination.

4. TAXATION—ASSESSMENT—VALUATION—ISSUE—ILLEGAL TAX.

A plaintiff in an action for refund of property tax on ground that the tax is illegal may not go into the question of valuation of his property unless it tends to prove the illegality of the tax.

Appeal from Oakland, Frederick C. Ziem, J. Submitted Division 2 May 8, 1969, at Lansing. (Docket No. 4,800.)   Decided June 25, 1969.

Complaint by Hudson-Webber Realty Company, a Michigan corporation, against the city of Southfield, a municipal corporation; Oakland county, a municipal corporation; Oak Park School District, a municipal corporation; and Clara Lane, treasurer of the city of Southfield, for the refund of real property taxes paid under protest.   On motion of defendant county of Oakland, Oakland Schools Intermediate School District of Oakland County, Michigan, and Oakland Community College District, are added as third-party defendants.   Judgment for defendants.   Plaintiff appeals.   Affirmed.

*Fischer, Sprague, Franklin & Ford (George Hogg, Jr.,* and *Francis E. Bentley,* of counsel), for plaintiff.

*Miller, Canfield, Paddock & Stone (Stevan Uzelac,* of counsel), for city of Southfield and Clara Lane, treasurer of city of Southfield.

*Burton R. Shifman,* for Oak Park School District.

*Robert P. Allen,* Corporation Counsel, and *Hayward Whitlock,* Assistant Corporation Counsel, for the county of Oakland.

*Condit, Denison, Devine, Porter & Bartush,* for Oakland Community College District.

*Peter M. Mann,* for Oakland Schools Intermediate School District of Oakland County.

Before: LESINSKI, C. J., and QUINN and DANHOF, JJ.

DANHOF, J. Plaintiff commenced an action for refund of property taxes paid under protest as permitted under the authority of § 53 of the General Property Tax Act,[1] a part of which provides that a person paying under protest may sue for the amount paid and recover if the tax or special assessment is shown to be illegal. There was a trial court judgment of no cause of action.

On appeal plaintiff contends that the so-called "freeze" statute, being § 152 of the General Property Tax Act,[2] applies and also that the assessments giving rise to the taxes are such that they amount to substantially constructive fraud and are therefore illegal. No actual fraud or intentional wrong-doing is alleged or proven.

Specifically plaintiff attacks the tax assessments for 1964 on two parcels of vacant land owned by it as being so excessively high as to be outside the

---

[1] CL 1948, § 211.53 as amended by PA 1962, No 133 (Stat Ann 1969 Cum Supp § 7.97).

[2] CLS 1961, § 211.152 (Stat Ann 1960 Rev § 7.210).

range of honest judgment and, therefore, illegal and invalid because constructively fraudulent.

Parcel 1, known as Northland North consisted of 70 acres zoned for single family dwellings at the time the assessment was made for the 1963 taxes, but rezoned as a multiple family residential district—high rise at the time the assessment was made for the 1964 taxes.

Parcel 2, known as Providence East, consisted of 19-1/2 acres zoned partly commercial and partly single family residence dwelling in 1963, but rezoned as an education-research-office district in 1964.

The assessment of the two properties changed as follows:

|  | 1963 Assessed | 1963 Michigan State Tax Commission | 1964 Assessed |
|---|---|---|---|
| Northland North (70 Acres) | $351,350 | $235,000 | $1,054,050 |
| Providence East (19 Acres) | $117,900 | $ 65,000 | $ 393,000 |

Neither parcel was changed physically and no improvements nor buildings were added to the vacant land between December 31, 1962 (tax day for 1963 taxes), and December 31, 1963 (tax day for 1964 taxes).

Plaintiff asserts that in January, 1964, the Southfield assessor was in a dilemma because the 1963 assessments on the two parcels were being reviewed by the State tax commission, and apparently aware of the three year "freeze" provision in § 152 he wrote the commission asking for advice regarding his 1964 assessments. In February, 1964, the tax commission advised the assessor to:

"* * * place the values on the roll in accordance with his statutory duty for 1964 and if a change in the value for 1963 would be different than the 1964 valuation, the change would be entered on the 1963 roll by the Tax Commission and the same value

would be entered on the 1964 assessment roll of the city of Southfield." ·

By order dated May 11, 1964 the tax commission fixed the assessments for 1963 at $235,000 on Northland North and $65,000 on Providence East. Plaintiff contends that because of the "freeze" provision that determination could not be changed for three years even though the two parcels were rezoned pursuant to city ordinance effective on November 27, 1963 (after the 1963 tax day but before the 1964 tax day).

In the trial court, defendants moved for partial summary judgment, seeking a ruling that the "freeze" statute did not apply to this case. Correspondingly, plaintiff moved for summary judgment on the ground that it was entitled to relief because the "freeze" statute precluded the raising of the assessment for a three-year period.

At that time § 152 provided in part:

"When the assessment of any property has been reviewed by said commission as herein authorized, such assessment shall not be changed for a period of three years, where the property remains substantially the same, without the written consent of said commission."

Subsequent amendment, not herein relevant, has eliminated the phrase "where the property remains substantially the same." The trial court ruled that the statutory "freeze" of § 152 did not apply as the properties involved did not remain substantially the same for the tax years 1963 and 1964, and that the State tax commission had given written consent to change the assessments by its order of December 21, 1964.

This Court affirms the granting of the partial summary judgment for the reason that the statutory

"freeze" of § 152 does not apply because the prop-
erties involved did not remain substantially the same
due to rezoning. Plaintiff's argument that the
phrase "where the property remains substantially
the same" is limited to physical changes in the land
and excludes changes in permitted use of the land is
without merit. As stated in defendant's brief,

"Physical change is really only another form
of change of use. When property is physically
changed it changes the use to which the property
may be put and the Assessor must translate the
physical change into value—the only characteristic
reflected on the assessment roll."

Having found that the rezoning in the instant case
resulted in a substantial change to the properties, it
is not necessary to make a determination regarding
the question of written consent of the State tax
commission.

Plaintiff next contends that the assessments are
so excessive as to be outside the range of honest
judgment and, therefore, fraudulent as a matter of
law. However, the record discloses that the assess-
ments were within the range of the appraisals,
albeit at the top of the valuations. No evidence
was introduced showing the assessment of other
property in the city of Southfield, so there is noth-
ing before this Court upon which it could base a
finding of discriminatory over-assessment. An
over-valuation of land is not by itself sufficient
evidence of fraud, *Auditor General v. Stiles* (1890),
83 Mich 460. This Court finds no violation of the
rule of law which protects against intentional and
arbitrary discrimination in the execution of the
tax laws, *Twenty-Two Charlotte, Inc. v. Detroit*
(1940), 294 Mich 275.

It is appropriate to observe that following the as-
sessor's determination of the 1964 tax assessments

on the two properties in question, appellant had them reviewed by the board of review and the State tax commission, both of which approved the assessor's decision. Plaintiff did not appeal from the tax commission's determination.

Plaintiff directed its last two questions to the trial court's rulings that the city assessor could not be questioned concerning the method he used to assess the property and to the trial court's admitting into evidence a partnership agreement setting forth the value for a portion of one of the parcels of land. This Court does not find those rulings prejudicial as they go to the amount or size of the assessment which plaintiff has not proven to be either intentionally or constructively fraudulent. Plaintiff had an opportunity before the local board of review and the State tax commission to present all its evidence relative to valuation. If plaintiff could have shown fraud, error of law, or the adoption of wrong principles, it could have sought judicial review of those administrative decisions.[3] The plaintiff is not entitled to go into valuation *per se* in a tax fraud case unless it tends to prove the illegality of the tax. Plaintiff has not offered proofs of discriminatory over-assessment, nor is the total assessment beyond the bounds of honest judgment. The record does not substantiate the allegation of constructive fraud resulting in an illegal tax. Here our review must end.

Affirmed, costs to the appellee.

All concurred.

---

[3] See also *Allied Supermarkets, Inc.,* v. *State Tax Commission* (1969), 381 Mich 693, holding that when that agency's decisions are subjected to judicial review they must be supported by competent, material and substantial evidence on the whole record to be upheld.