GRAND RAPIDS STEEL & SUPPLY COMPANY *v.*
CITY OF GRAND RAPIDS

1. TAXATION—PROPERTY—TRUE CASH VALUE—DETERMINATION.
   The true cash value of property, for taxing purposes, must be determined by the taxing authorities.

REFERENCES FOR POINTS IN HEADNOTES
[1, 4] 51 Am Jur, Taxation § 647 *et seq.*
[2] 51 Am Jur, Taxation § 726.
[3] 51 Am Jur, Taxation §§ 724, 725.

2. Taxation—Property—Value—Constructive Fraud—Burden of Proof.

> A taxpayer has the burden of proving constructive fraud in the assessment of the value of his property.

3. Taxation—Excessive Assessment—Fraudulent Assessment.

> Taxing authority's assessment of a taxpayer warehouse was not so excessive as to be fraudulent where the taxpayer's and the taxing authority's computations differed because of differences of opinions as to true cash value, and there was no showing that the taxing authority manifested an actual intent or purpose to defraud the taxpayer or to discriminate against it in favor of its competitors and other taxpayers.

4. Taxation—Property—True Cash Value—Appeal and Error.

> A court has no prerogative to set the true cash value of property for tax purposes where a difference of opinion exists between a taxpayer and the taxing authorities as to the true cash value of the taxpayer's property, even though the court, had it been in the place of the taxing authorities, might have accepted the taxpayer's determination of the true cash value.

Appeal from Kent, John Vander Wal, J. Submitted Division 3 January 5, 1971, at Grand Rapids. (Docket No. 5697.) Decided July 23, 1971. Leave to appeal denied, 386 Mich 774.

Complaint by Grand Rapids Steel & Supply Company against the City of Grand Rapids for return of part of taxes paid under protest. Judgment for defendant. Plaintiff appeals. Affirmed.

*McCobb, Heaney & Van't Hof,* for plaintiff.

*George O. Walters,* City Attorney, and *Philip A. Balkema,* Assistant City Attorney, for defendant.

Before: Holbrook, P. J., and McGregor and T. M. Burns, JJ.

Holbrook, P. J.   This action was brought under the provisions of MCLA § 211.53 (Stat Ann 1971

Cum Supp § 7.97) against the City of Grand Rapids for claimed excess in taxes paid under protest. The trial court, after a full trial, dismissed the complaint. Plaintiff has appealed.

Plaintiff is a Michigan corporation located at 1033 Freeman Avenue in the City of Grand Rapids. It is engaged in the business of fabricating structural steel and is further engaged in distribution of certain types of steel for industrial use.

In 1964, plaintiff proceeded with construction of a new warehouse with office building attached. The building was' completed in 1964.

The warehouse is rectangular in shape and contains approximately 100,000 square feet of floor space. The office portion contains about 4,500 additional square feet.

Mr. Morrison, who is the supervisor of the commercial and industrial building appraisals division of the city assessor's office, made two visits to the site. One visit was in September of 1964, the other in December of 1964. At the time of these visits, the structure was substantially complete. He had two other staff members from his office with him at the time because of the complicated nature of the appraisal.

Before the appraisal was determined, the plaintiff had submitted to the assessor's office a number of documents indicating expenditures by it concerning the construction of this structure. Included was the contract for the major portion of the building from the Beckering Construction Company.

The appraisal was determined to be $1,286,000. A breakdown indicates that of this figure, $174,000 represents land value, and $1,112,000 represents value of the structure. On this appeal plaintiff does not contest the valuation or assessment of the real

estate. The assessed value of the total property in question was set at $434,000, the same being 33.75% of the total cash value as determined by the city assessor.

On February 10, 1965, after receiving its tax statement, plaintiff applied for a review of the appraisal with the city assessor's office. The meeting was held on March 17, 1965. As a result of this meeting, a reduction of $62,000 was allowed which brought the assessed valuation down to $372,000.

Being yet dissatisfied with the reassessment, plaintiff filed for a hearing before the board of review. The board of review was composed of Mr. Clarence Thielman, city assessor, Mr. Morrison, and Mr. George Baldwin. At this meeting figures were submitted by plaintiff entitled accounting errors, and a letter by Ernst and Ernst, accountants for the plaintiff. Also, an appraisal was submitted by Mr. Joseph Zandstra, an independent appraiser. These figures were less than the city assessor's appraisal.

The board of review allowed a further assessment reduction of $27,000, which brought the assessment down to $345,000.

Appeal was then taken to the State Tax Commission.

In July of 1965, Edwin Hovey, an appraiser for the state, made a reappraisal of the building at the request of the tax commission.

On November 19, 1965, the commission made a finding that $1,111,778 was the true cash value of the plaintiff's property. Even though this finding was higher than that made by the City of Grand Rapids, the commission let the assessment of $345,000, as determined by the city, stand. The plaintiff did not appeal from the ruling of the State

Tax Commission, but brought this action in the Kent County Circuit Court.

The plaintiff claims on this appeal that the assessment was illegal for the following reasons: (1) that the valuation of plaintiff's buildings for assessment purposes did not represent true cash value; (2) the valuation of plaintiff's new buildings for assessment purposes was arrived at by the adoption of wrong principles of assessment; (3) that the administrative agencies disregarded the actual cost of the plaintiff's new buildings in favor of estimated costs; (4) that the assessment by the administrative agencies in the manner that it was computed constitutes illegal fraud upon the plaintiff; and (5) that the valuation of plaintiff's buildings under the procedure adopted for tax assessment purposes was so excessive as to constitute fraud in law.

The city assessor, in originally arriving at the true cash value of plaintiff's building, used as a basis the "Marshall and Stevens Appraisal Manual" and also his experience as an appraiser with the assessor's office over a period of many years.

The plaintiff's two appraisers, Blandford and Zandstra, apparently used the "Marshall and Stevens Appraisal Manual" in arriving at a true cash value of the building. The manual provides different approaches for determining reproduction costs of buildings. The plaintiff's appraisers used the segregated cost approach, whereas the city assessor used the calculator cost method.

In the final analysis of this case, we have the plaintiff claiming that its cost of the building was $775,000, which is made up of $496,804.90 paid to Beckering Construction Company for its part of the construction and $278,195.10 for labor and materials furnished by the plaintiff. The final true cash value of the building as determined by the administrative

agencies was the sum of $848,000. The difference between plaintiff's claimed cost of the building and the assessed, true cash value as determined is the sum of $73,000.

Even though the administrative agencies may have accepted the cost to plaintiff of that portion of the building constructed by Beckering to be the true cash value thereof, there remained a dispute as to the true cash value of the labor and materials furnished by the plaintiff in completing the building. The city maintained that it could not accept the figures of plaintiff as to its cost or value of the materials and labor furnished by it. It was undisputed that plaintiff had favorable purchasing power in the open market, but there was disagreement as to the extent of that position. As further evidence of defendant's position, there was testimony given at the trial that the value of the roof deck should have been figured at the rate of $.80 per square foot, whereas plaintiff placed a value of $.25 per square foot for this item. The city placed the value of $.79 per square foot for electrical wiring or $82,000 instead of $52,630 which plaintiff claimed to be the proper figure for this item. The difference in value of the roof deck amounted to $55,000, and the electrical construction value difference amounted to approximately $30,000 or a total of $85,000. The city and the plaintiff differed also as to the value of the steel that was furnished by plaintiff in the construction of the building. We are cognizant of the recent rulings of our Supreme Court in the cases of *Allied Supermarkets, Inc.* v. *State Tax Commission* (1969), 381 Mich 693, *Fisher-New Center Company* v. *State Tax Commission* (1969), 381 Mich 713, and *Pantlind Hotel Company* v. *State Tax Commission* (1969), 381 Mich 717. These cases are authority for the rule of law that true cash value

must be determined by the tax authorities. We agree that this rule of law is applicable to the present case. In this case, plaintiff claims that the taxes were unlawfully collected because the assessment was ascertained through wrong principles. The trial judge in his opinion stated correctly as follows:

"Plaintiff does not contend in this case that the Grand Rapids City Assessor or other administrative officials manifested an actual intent or purpose to defraud plaintiff or to discriminate against the plaintiff in favor of its competitors and other taxpayers."

The burden of proof was upon the plaintiff to establish constructive fraud in the assessment of plaintiff's property. *Kingsford Chemical Company* v. *City of Kingsford* (1956), 347 Mich 91. The trial judge determined that the plaintiff failed in establishing its claim of constructive fraud. We are constrained to agree. In the case of *S. S. Kresge Co.* v. *City of Detroit* (1936), 276 Mich 565, 572, 573 it is stated:

"The assessors are not required to abide by the facts presented by a taxpayer and 'Courts cannot substitute their judgment as to the valuation of property for the judgment of the duly constituted tax authorities.' 4 Cooley on Taxation (4th ed), p 3222.

"Our attention has not been directed to authorities holding that courts may set up the methods for determining values and we apprehend that none can be found.

" 'In determining the amount of the assessment, the board was not bound by any formula, rule or method, but for guidance to right judgment it was free to consider all pertinent facts, estimates and forecasts and to give them such weight as reasonably they might be deemed to have. Courts decline

to disturb assessments for taxation unless shown clearly to transgress reasonable limits. Overvaluation is not of itself sufficient to warrant injunction against any part of the taxes based on the challenged assessment; mere error of judgment is not enough; there must be something that in legal effect is the equivalent of intention or fraudulent purpose to overvalue the property and so to set at naught fundamental principles that safeguard the taxpayer's rights and property. *Rowley* v. *Chicago & NW R. Co.* (1934), 293 US 102, 109–111 (55 S Ct 55, 79 L Ed 222). The assessment is presumed to have been made on the basis of actual value. Its validity must be tested upon consideration of the facts established by the evidence and of those of which judicial notice may be taken.' *Great Northern R. Co.* v. *Weeks* (1936), 297 US 135 (56 S Ct 426, 80 L Ed 532)." Also see, *Hudson-Webber Realty Co.* v. *City of Southfield* (1969), 18 Mich App 66.

It is apparent that there was a difference of opinion between the plaintiff and the taxing authorities as to the true cash value of plaintiff's property. Under these circumstances, we cannot accept plaintiff's contentions that the assessment was so excessive as to be fraudulent. *Kingsford Chemical Company* v. *City of Kingsford, supra.*

It is not the prerogative of the Courts to set the true cash value of property for tax purposes. Had we been in the place of the taxing authorities, we might have accepted the plaintiff's evidence of the true cash value. In reviewing the matter, the law forbids such a course of action. *S. S. Kresge Co.* v. *City of Detroit, supra.*

Affirmed. Costs to defendant.

All concurred.