ALGER-DELTA CO-OPERATIVE ELECTRIC ASSOCIATION
*v.* BAY DE NOC TOWNSHIP.

1. TAXATION—PERSONAL PROPERTY—VALUATION—ACCEPTABLE METHODS.
   Three acceptable methods of determining true cash value of personal property for purposes of assessment for taxation are: (1) actual cash value determined by a current or negotiated selling price, (2) adjusted reproduction cost, and (3) capitalization of income.

2. SAME—PERSONAL PROPERTY—RURAL ELECTRIC COOPERATIVE.
   The selling price method of determining true cash value is inapplicable to rural electric cooperative association since its cooperative nature and low profit margin preclude possibility of any willing purchasers in an open market.

3. SAME—PERSONAL PROPERTY—ASSESSMENT—STATE TAX COMMISSION—FINALITY.
   Assessment of property by State tax commission is final and not vulnerable to attack in the absence of fraud, error of law, or the adoption of fundamentally wrong principles.

4. SAME—PERSONAL PROPERTY—VALUATION—RURAL ELECTRIC COOPERATIVE—ADJUSTED REPRODUCTION COST—SYSTEM ECONOMIC FACTOR.
   Application by State tax commission of system economic factor in arriving at valuation of personal property of rural electric cooperative in order to take into account the relative disadvantages of location of cooperative's facilities did not transform adjusted reproduction cost method into a hybrid form of income capitalization method and thus did not result in the application of a wrong principle.

---

REFERENCES FOR POINTS IN HEADNOTES
[1, 2]  51 Am Jur, Taxation § 696 *et seq.*
[3]  51 Am Jur, Taxation § 741 *et seq.*
[4, 5]  51 Am Jur, Taxation §§ 709, 710.

5. SAME—PERSONAL PROPERTY—VALUATION—RURAL ELECTRIC COOP-
ERATIVE—ADJUSTED REPRODUCTION COST—FAIRNESS.

Application of adjusted reproduction cost method of valuation
of personal property of plaintiff rural electric cooperative was
fair where use of system economic factor allowed for disad-
vantages of plaintiff's location and where use of income capi-
talization method sought by plaintiff would be discriminatory
and unfair to other nonprofit electrical service organizations,
as that method was not applied to them.

Appeal from State Tax Commission. Submitted
Division 3 May 8, 1968, at Marquette. (Docket No.
3,120.)  Decided August 27, 1968.

Assessment by Bay De Noc and Masonville Town-
ships of Delta County of personal property owned
by plaintiff Alger-Delta Co-operative Electric Asso-
ciation, a Michigan nonprofit corporation. Appeal
to Michigan State Tax Commission. Assessment by
State Tax Commission. Plaintiff appeals. Affirmed.

*Strom, Hoehn & Shipman,* for plaintiff.

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, and *William D.
Dexter* and *Richard Roesch,* Assistant Attorneys
General, for defendant State Tax Commission.

McGREGOR, J. Plaintiff, a rural cooperative non-
profit electrical service association, objects to the
assessment valuation of its personal property by
the State tax commission in 1965. Three acceptable
methods of determining "true cash value" are: (1)
actual cash value determined by a current or nego-
tiated selling price, (2) adjusted reproduction cost,
and (3) capitalization of income. *Pantlind Hotel* v.
*State Tax Commission* (1966), 3 Mich App 170,
*affirmed* (1968), 380 Mich 390. Both parties agree

that the first method is inapplicable to the plaintiff association, as its cooperative nature and low profit margin preclude the possibility of willing purchasers in an open market. Plaintiff's low earnings are engendered by distribution lines spread over two rural townships and a variety of seasonal resort customers. The tax commission applied the second method of valuation, adjusted reproduction cost, modified by a system economic factor to reflect the relative disadvantage of plaintiff's location and customers. Plaintiff argues that the third method, income capitalization, is the only method which accurately reflects the true cash value of its property and consequently requests that the case be remanded to the tax commission for reassessment.

*Issue:* Whether the use of the adjusted reproduction cost method of determining true cash value of plaintiff's personal property was unfair, discriminatory, or an application of a wrong principle.

Plaintiff Alger-Delta stresses its cooperative non-profit nature and disadvantageous position to argue that its particular situation requires the income capitalization method to determine the true cash value of its property. Alger-Delta contends that its property only has value as part of an integrated electric service system, as many of its poles are remotely located and have little value to buyers, but high replacement cost. Therefore, no profit-motivated investor or utility company would purchase either the Alger-Delta association or its distribution system, and any assessment valuation of its property must be geared to its income. Consequently, it contends that the application of the replacement cost method is unfair and discriminatory, as it does not reflect appellant's "unique situation." Plaintiff further contends that the use by the tax commission of a system economic factor in its valuation was an application of a "wrong principle." It is argued

that the commission's use of kilowatt hours per customer in setting the factor was erroneous, as the factor's use transformed the second method into a hybrid form of income capitalization method and that the commission should have referred to the association's income rather than kilowatt hours sold, since the third method was being applied.

The tax commission contends that the method employed to determine cash value was appropriate and its finding was final, in the absence of fraud, error of law, or a fundamentally wrong principle. *Newport Mining Co.* v. *City of Ironwood* (1915), 185 Mich 668; *Twenty-Two Charlotte, Inc.* v. *City of Detroit* (1940), 294 Mich 275; *Moran* v. *Grosse Pointe Township* (1947), 317 Mich 248; *Kingsford Chemical Company* v. *City of Kingsford* (1956), 347 Mich 91. The adjusted reproduction cost method, as used with all government-sponsored electric service organizations in the state, was applied as follows: a set value was given to each mile of distribution lines; next, an obsolescence-depreciation factor of 25% was allowed, followed by an economic factor of 20% to reflect the government sponsorship and service aspect of the association. A system economic factor, varying from 0 to 30%, was applied in each individual case. Plaintiff received the maximum (30%) in consideration of the relative disadvantages of its unique situation. Consequently, the association's cash value was 42% of the value of the property and the lowest fractional value allowed. Other nonprofit electric organizations were valued at up to 60%, while profit-oriented electric companies were valued at 80%.

The tax commission explains that the system economic factor, reflecting scarcity of services per mile and determined partly by reference to kilowatt-hour figures, was merely an adjustment of the reproduction cost and did not transform the method used into a hybrid form of income capitalization method.

Therefore, a wrong principle was not employed and the commission's finding is immune from plaintiff's attack.

The use of the adjusted reproduction cost method to determine true cash value is appropriate in the absence of a showing of unfairness or discrimination.

"Which method is most appropriate in an individual case is to be determined by the assessing officer, or state tax commission on appeal, from the facts of that case and absent a showing of unfair result or discrimination, courts will not interfere with that judgment." *Pantlind Hotel* v. *State Tax Commission* (1966), 3 Mich App 170, 176, *affirmed* (1968), 380 Mich 390.

An assessment will not be vulnerable to attack unless fraud, error of law, or the adoption of wrong principles is shown. *Fisher-New Center Company* v. *State Tax Commission* (1968), 380 Mich 340.

In the present case, appellant received the most favorable treatment possible among the 13 non-profit electric service organizations in the State, yet it argues unfairness and discrimination. If the plaintiff's demands were acceded to, and a capitalization of income method was applied to determine its property's cash value, rather than the adjusted reproduction cost method as applied to the other non-profit electric service organizations, the result would be unfair and discriminatory to the other organizations. Further, in its argument, plaintiff continually transposes the association's minimal value as an enterprise with the value of its personal property. It is the assessment value of the distribution lines that is in question, not the value of Alger-Delta as a profit-making business. Plaintiff earns little profit in its function as a cooperatively-owned, government-sponsored service association, but this does not compel the tax commission or the court to give

it additional special treatment and thus disrupt the accepted uniform method of determining true cash value of the personal property of rural electrification organizations by the adjusted reproduction cost method.

Plaintiff has not shown discrimination or unfairness. The argument that the use of the system economic factor, used to adjust the reproduction cost and set by referring to kilowatt hours and not income, transformed the second method into a capitalization of income method, is untenable, factitious, and is not proof of the application of a wrong principle.

Therefore, the tax commission's assessment valuation was proper and must be affirmed.