FISHER-NEW CENTER COMPANY *v* DETROIT

1. TAXATION—STATE TAX COMMISSION—APPELLATE REVIEW.

   The contested-case provisions of the Administrative Procedures Act of 1969 are inapplicable to the State Tax Commission, whose determinations are final and not subject to appellate review, in the absence of fraud, error of law, or the adoption of the wrong principles (Const 1963, art 6, § 28; MCLA 24.271–24.286).

2. TAXATION—TAXPAYERS' REMEDIES.

   Taxpayers aggrieved about assessments against their property have alternative statutory remedies: they may either appeal to the State Tax Commission or they can pay their taxes under protest and sue in the circuit court for a refund (MCLA 211.53; 211.152).

3. TAXATION—STATE TAX COMMISSION—TAXING ENTITY'S REMEDIES —APPEAL AND ERROR.

   A taxing entity which is aggrieved by a State Tax Commission determination has only one statutory remedy: an appeal to the appellate courts (Const 1963, art 6, § 28; MCLA 211.152).

4. TAXATION—PAYMENT UNDER PROTEST—REFUND ACTION.

   A statutory provision which permits a taxpayer to pay his taxes under protest, to sue in circuit court for a refund, and to recover them if that court declares the taxes to be void, was not designed as an aid in the enforcement of State Tax Commission orders (MCLA 211.53).

5. TAXATION—STATE TAX COMMISSION—TAXING ENTITY'S REMEDIES —FAILURE TO APPEAL.

   State Tax Commission's determination against defendant taxing authority was final where defendant failed to appeal that determination to an appellate court, as it was entitled to do;

REFERENCES FOR POINTS IN HEADNOTES

[1–5] 51 Am Jur, Taxation § 767 *et seq.*
[4] 51 Am Jur, Taxation § 943.

the taxpayer's using, in addition to his appeal to the State Tax Commission, his alternative remedy of paying the taxes under protest and suing for a refund in circuit court did not give the taxing authority an alternative forum in which to review the State Tax Commission's decision.

Appeal from Wayne, Richard M. Maher, J.   Submitted Division 1 January 13, 1972, at Detroit. (Docket Nos. 11950, 11951, 11952, 11953, 11954, 11955.)   Decided February 25, 1972.

Complaints by Fisher-New Center Company against the City of Detroit, the Detroit Board of Education, and Wayne County for refund of taxes paid under protest.   Summary judgments for plaintiff in all actions.   Defendants appeal.   Affirmed.

*Honigman, Miller, Schwartz & Cohn* (by *John Sklar*), for plaintiff.

*Michael M. Glusac*, Corporation Counsel, and *Julius C. Pliskow* and *Lawrence W. Morgan*, Assistants Corporation Counsel, for defendant city.

*Ostrowski, Wilson, Belanger & Boman, P. C.*, for defendant Board of Education.

*William L. Cahalan*, Prosecuting Attorney, and *William F. Koney*, Assistant Prosecuting Attorney, for defendant county.

Before: V. J. BRENNAN, P. J., and J. H. GILLIS and VAN VALKENBURG,* JJ.

J. H. GILLIS, J.   From the entry of a summary judgment (pursuant to GCR 1963, 117) in favor of

---

* Former circuit judge, sitting on the Court of Appeals by assignment pursuant to Const 1963, art 6, § 23 as amended in 1968.

the plaintiff in each of six cases which had been consolidated in recognition of their common issues, defendants bring this appeal.

Following the assessment by defendants of real property taxes against plaintiff for the years 1966, 1967, and 1968, an appeal was taken to the State Tax Commission (hereafter designated as STC) pursuant to § 152 of The General Property Tax Act (MCLA 211.152; MSA 7.210). Subsequently, and in compliance with § 53 of The General Property Tax Act (MCLA 211.53; MSA 7.97) plaintiff, following the payment under protest of said assessed taxes, instituted suits in the circuit court for refund. The common allegation of the plaintiff in the several complaints was as follows:

"Plaintiff avers that said assessment valuation, and the resultant assessments and tax levied against the property here involved, were far in excess of the applicable ratio of assessment to true cash value under the law of the State of Michigan in such case made and provided; were and are excessive and discriminatory and based upon wrong principles of assessments; that thereby plaintiff was over-assessed, deprived of its property without due process of law, and denied the equal protection of the law."

The STC's determination (which affirmed the taxing authorities' position) was then appealed directly to the Supreme Court upon grant of petition to bypass the Court of Appeals. In *Fisher-New Center Co v State Tax Commission*, 380 Mich 340 (1968), *rev'd* on rehearing, 381 Mich 713 (1969), the Court held invalid, because unrelated to true cash value, the formulas by which the plaintiff's real property had been assessed by the City of Detroit and the STC. In December, 1970, the STC rescheduled for hearing and determination both the assessments involved in the earlier appeal and also the

assessments which had in the meantime been made
by defendants and appealed by the plaintiff.[1]  As a
result of said hearings, the STC, on January 22,
1971, issued formal orders determining the lawful
assessment of the plaintiff's property for the years
in question.  Each of the several orders included a
determination as to both the true cash value of the
plaintiff's property and the prevailing ratio or level
of assessment in the City of Detroit for the appli-
cable year.  *None of the STC orders was appealed
by either side.*

Plaintiff then filed its motion for summary judg-
ment in the instant consolidated circuit court actions
based upon the unappealed revised assessments con-
tained in the STC's decisions and orders.  In re-
sponse to said motion, defendants, although admit-
ting the finality of the STC's findings regarding the
true cash value, disputed the commission's determi-
nations as to average levels of assessment.  Partial
summary judgments were entered on April 30, 1971
as to the uncontested portion of the refund accruing
to plaintiff resulting from the STC's redetermination
of the true cash value.  Proceedings were then held
on the contested portion of the refund claims result-
ing in the entry on May 14, 1971, of supplemental
summary judgments in favor of the plaintiff
pursuant to the STC's determination regarding the
average levels of assessment.  At the hearing on the

[1] Pending the hearing and determinations of said appeals, plain-
tiff likewise paid these subsequent assessments under protest and
instituted circuit court actions seeking refunds.

The circuit court suits reached the pretrial stage prior to the
STC scheduling of the pending appeals.  Plaintiff requested the
circuit judge, who was conducting the pretrials, to adjourn said
pretrials for the specific reason that the STC had already acquired
prior jurisdiction to determine the lawful assessments for the subject
property.  Plaintiff contended the STC decision would be determina-
tive of the issues raised in the circuit court suits.  The court agreed
with this contention and adjourned the pretrial hearings to await
the STC determination.  Defendants' application for leave to appeal
this ruling to the Court of Appeals was denied.

motion for supplemental summary judgment, defendants introduced four affidavits in opposition to said motion, all of which alleged that the STC had made an error of law or had adopted wrong principles in arriving at the average level of assessment for the City of Detroit.

In lieu of these charges defendants bring this appeal claiming the circuit judge was in error in concluding he did not have jurisdiction to consider defendants' allegations, and, hence, granting plaintiff's motion for summary judgment, thereby denying a trial on said issue. Plaintiff, on the other hand, contends that the trial court was correct in ruling that the defendants had not pursued their appeal of the STC's decision through the proper channels (*i.e.,* to the Court of Appeals), that the decision must be regarded as final in that court, it having no jurisdiction to review the matter. Therefore, plaintiff concludes there being no other material issue of fact presented so as to preclude the entry of a summary judgment, the circuit judge was not in error in doing so.

Public Act 270 of 1969 amended § 152 of The General Property Tax Act (MCLA 211.152; MSA 7.210) by providing that the "contested case" provisions of the Administrative Procedures Act of 1969 (MCLA 24.271–24.287; MSA 3.560[171–187]) are inapplicable to the STC, and that "in its determination, art 6, § 28 of the Constitution of the State of Michigan shall apply." Section 28 provides that "in the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation." Thus, the standard of review from an STC determination has been established—its decision is final unless

fraud, error of law, or misapplication of principles is demonstrated. As for the avenues of review that are open to a particular entity, resort must be had to the applicable statutes for such a determination.

At the outset, a basic distinction must be recognized between the position of the two different entities who would seek to appeal from an STC determination. While the Legislature has given *taxpayers* alternative remedies—of either (1) appealing to the STC (pursuant to § 152 of The General Property Tax Act, MCLA 211.152; MSA 7.210) and/or (2) paying the tax under protest and suing in the circuit court for refund[2] (pursuant to § 53 of The General Property Tax Act, MCLA 211.53; MSA 7.97)—it has not expressly provided such alternative remedies to the taxing authorities. Section 53 of The General Property Tax Law is solely a remedy granted to a taxpayer. Nothing in said section authorizes a taxing entity to use such a proceeding. Hence, the only remedy provided under the statute for a taxing authority that is aggrieved by a decision of the STC is to prosecute an appeal to the appellate courts of this state. None of the cases cited by the appellants nor any that have been found by this Court support the argument that the assessing entities have a remedy under § 53. Said cases deal solely with the scope of a *taxpayer's* right to bring a circuit court suit under § 53 of the act for recovery of allegedly excessive taxes. Moreover, the decisions make clear that even the taxpayer is bound by a STC determi-

---

[2] The practice of taxpayers challenging the validity of a tax commission decision by a § 53 suit for refund is well established in this state. *Kingsford Chemical Co v City of Kingsford,* 347 Mich 91 (1956); *Naph-Sol Refining Co v Twp of Muskegon,* 346 Mich 16 (1956); *Helin v Grosse Pointe Twp,* 329 Mich 396 (1951); *Fruehauf Trailer Co v Detroit,* 325 Mich 407 (1949); *Moran v Grosse Pointe Twp,* 317 Mich 248 (1947); *S S Kresge Co v Detroit,* 276 Mich 565 (1936); *Hoerner-Waldorf Corp v Ontonagon,* 26 Mich App 542 (1970); *Hudson-Webber Realty Co v Southfield,* 18 Mich App 66 (1969).

nation in the absence of proof of fraud, error of law, or application of wrong principles.

Perhaps the confusion over the applicability of § 53 results from the fortuitous circumstance that although § 152 of The General Property Tax Law authorizes the STC to hear assessment appeals, it fails, however, to explicitly provide the commission with authority to order or enter judgment for the enforcement of its refund orders. Therefore, as an excess of caution, lawyers, who have appeals pending before the STC and whose clients are obligated, during the pendency of appeal, to pay the tax, do frequently advise their clients to pay the tax under protest and commence a § 53 action for refund. However, as the language of § 53 clearly demonstrates[3] the remedy was provided to enable a taxpayer to recover a refund of taxes that are shown to be void as a result of a determination on the merits by the circuit court and was not designed as an aid in the enforcement of orders of the STC. *Minor Lumber Co v Alpena,* 97 Mich 499, 500 (1893); *Turnbull* v *Alpena Twp,* 74 Mich 621, 627 (1889).

In the case at bar the taxing authorities did not appeal the STC's determination against them to our Court as all agree they might have done. The taxpayer, by making use of his alternative remedy under § 53 during the pendency of his appeal to the STC, in order to protect himself in case the commission's determination was adverse to him, cannot be said to have given the taxing authorities an alternative forum in which to review the decision of the STC when said commission held against it. The taxpayer no longer needed his alternative remedy once it won before the STC. His utilization of the

---

[3] "The person paying under such protest may, within 30 days and not afterwards, sue the township for the amount paid, and recover, if the tax or special assessment is *shown to be illegal* for the reason shown in such protest." (Emphasis supplied.)

refund action as a means or vehicle of enforcing the STC order did not permit a reopening of the meritorious issues decided by the STC. As subordinate officials under the STC's supervisory jurisdiction, the assessing authorities' position is wholly different from the statutory remedy accorded solely to a taxpayer under § 53 of the act.

Under defendants' theory herein, the city need only refuse to refund the excess tax determined by the STC, relegate the taxpayer to an action in circuit court, and then demand a retrial of the same factual issues already decided by the STC. When the STC's decision determining that the assessment was excessive became final, the city became obliged to refund the taxes excessively collected on the basis of that erroneous assessment. That obligation to make refund arose by implication under the provisions of The General Property Tax Law authorizing the STC to hear and decide tax assessment appeals and conferring on the STC general supervisory authority over subordinate tax assessing officials. The city's obligation to refund taxes that the STC determines have been excessively assessed and collected does not depend on whether the taxes excessively collected have been paid under protest or whether an action for refund has been commenced under § 53 of The General Property Tax Law.

The circuit court had no alternative but to grant the motion for summary judgment directing the payment of a refund of the taxes. With respect to defendants-appellants the STC decision had become final.

Affirmed. Costs to appellee.

All concurred.