MOHAWK DATA SCIENCES CORPORATION v CITY OF DETROIT

1. TAXATION—TAX TRIBUNAL—JURISDICTION—STATUTES.
   The Tax Tribunal Act now confers exclusive jurisdiction on the tax tribunal to hear and determine property tax matters (MCLA 205.731).

2. TAXATION—ADMINISTRATIVE LAW—CONSTITUTIONAL LAW—APPEAL AND ERROR.
   An aggrieved taxpayer may challenge a State Tax Commission decision only on the grounds of fraud, error of law, or the adoption of wrong principles (Const 1963, art 6, § 28).

3. WITNESSES—EXPERT WITNESS—TAXATION—PERSONAL PROPERTY TAX —APPEAL AND ERROR—DE NOVO TRIAL.
   Conflict between testimony of expert witnesses is insufficient reason for upsetting a decision of a circuit court in a taxpayer's suit to recover personal property taxes; a circuit court in a *de novo* bench trial is free to accord whatever weight the court deems appropriate to the testimony of the various witnesses.

4. TAXATION—PERSONAL PROPERTY TAX—ASSESSMENT—CASH VALUE— STATUTES.
   Cash value of personal property for an assessment for a personal property tax is the usual selling price at the place where the property is at the time of assessment, the price which could be obtained at a private sale and not at a forced or auction sale; three acceptable methods of determining true cash value are: (1) actual cash value determined by a current or negotiated selling price, (2) adjusted reproduction cost, and (3) capitalization of income (MCLA 211.27).

5. APPEAL AND ERROR—EVIDENCE—WITNESSES—RELEVANCE—DISCRE-TION.
   Relevance and probative value of proffered testimony is deter-

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, State and Local Taxation § 787.
[2] 72 Am Jur 2d, State and Local Taxation § 812 *et seq.*
[3] 72 Am Jur 2d, State and Local Taxation § 810 *et seq.*
[4] 72 Am Jur 2d, State and Local Taxation § 753 *et seq.*
[5] 5 Am Jur 2d, Appeal and Error § 831.

mined by the trial court, and absent proof of abuse of discretion the Court of Appeals will not disturb the trial court's ruling.

Appeal from Wayne, Nathan J. Kaufman, J. Submitted May 6, 1975, at Detroit. (Docket Nos. 18640–18655.) Decided August 11, 1975. Leave to appeal denied, 395 Mich 778.

Complaints by Mohawk Data Sciences Corporation against the City of Detroit and Wayne County challenging the method of valuation of personal property and seeking a refund of disputed personal property taxes paid for the tax years 1967–1972. Judgment for plaintiff. Defendants appeal. Affirmed.

*Butzel, Long, Gust, Klein & Van Zile* (by *Lawrence R. Van Til* and *John H. Dudley, Jr.),* for plaintiff.

*Elliott S. Hall,* Corporation Counsel, and *Lawrence W. Morgan* and *John K. Godre,* Assistants Corporation Counsel, for defendant City of Detroit.

*Aloysius J. Suchy,* Corporation Counsel, and *William F. Koney,* Assistant Corporation Counsel, for defendant Wayne County.

Before: BRENNAN, P. J., and McGREGOR and D. F. WALSH, JJ.

D. F. WALSH, J. This is an appeal from a judgment of the Wayne County Circuit Court awarding the plaintiff (hereinafter "Mohawk") a total of $169,690.35, the amount of personal property taxes which had been paid to the treasurers for the defendants City of Detroit and County of Wayne for the tax years 1967 through 1972. For reasons stated below we affirm the trial court.

Mohawk is engaged in the design, development, manufacture and sale or rental of electronic data processing equipment and systems for use in asso-

ciation with most computer systems. On tax day for the years indicated Mohawk owned "computer peripheral equipment" which was assessed by the city's board of assessors. Both Detroit and Wayne County levied and collected personal property taxes based on this assessment. Each year Mohawk attacked the "listed selling price" method employed in computing the tax by pursuing its administrative remedies through the board of review and ultimately to the State Tax Commission (STC). Each appeal to the STC (except for the assessment made for the year 1972, which is still pending before the STC) resulted in successive orders affirming the "list price basis" approved by the board of review.

After each adverse ruling by the STC Mohawk paid the disputed tax under protest and filed suit for a refund in circuit court pursuant to MCLA 211.53; MSA 7.97. Sixteen suits were consolidated for trial which resulted in the instant ruling for Mohawk for the entire amount of taxes paid "without prejudice to reassessment by proper methods".

The Legislature presently provides a taxpayer two methods of challenging the assessment of a personal property tax.[1] First the taxpayer may pay the tax under protest and then sue the township or city in accordance with MCLA 211.53; MSA 7.97, and recover "if the tax or special assessment is shown to be illegal for the reason shown in such protest". MCLA 211.53, *supra.* Review of a final determination by the circuit court is to be had in the Court of Appeals. GCR 1963, 801.

The alternative method of attacking a property

[1] The general property tax act has been amended by the Tax Tribunal Act, 1973 PA 186, which now confers exclusive jurisdiction on the tax tribunal to hear and determine property tax matters.

tax assessment is by seeking administrative review in the State Tax Commission, MCLA 209.101, *et seq.;* MSA 7.631, *et seq.* Direct review of a decision rendered by that agency may only be had in the Court of Appeals. See MCLA 211.152(3); MSA 7.210, *Republic Development Corp v STC,* 38 Mich App 166; 195 NW2d 923 (1972). An aggrieved taxpayer may only challenge an STC decision on the grounds of "fraud, error of law or the adoption of wrong principles". Const 1963, art 6, § 28.

This particular lawsuit was brought in Wayne County Circuit Court under § 53 of the general property tax act (MCLA 211.53, *supra).* Mohawk challenged the instant assessment on the ground that, inasmuch as it was based on list prices with no relation to market value, there had been an "adoption of wrong principles" by the board of assessors.

The defendants argue that since tax liability rests upon the STC's final determination and not upon the assessment by the Detroit Board of Assessors, Mohawk was attempting to prove error on the wrong party by attacking the assessment, rather than showing "fraud, error of law or the adoption of wrong principles" by the STC.

The short answer to this is that review of a property tax assessment in circuit court, under § 53, and appeals to the STC are separate and distinct methods of challenging a tax assessment. Both avenues of relief may be pursued simultaneously, see *Moran v Grosse Pointe Twp,* 317 Mich 248, 253; 26 NW2d 763 (1947), and where the STC has made a final decision the subsequent circuit court (§ 53) action is in the nature of a retrial of issues previously decided by the STC. *Cf. Fisher-New Center Co v Detroit,* 38 Mich App 750; 197 NW2d 272 (1972). Therefore, the statutory scheme

permits circuit court decisions which conflict with those of the STC. In any case both decisions would be separately reviewable by the Court of Appeals. Consequently, a taxpayer in a § 53 suit need not prove error on the part of the STC since that agency's decision is not reviewable by the circuit court.

Turning our attention to the merits of the assessment, the trial court found that the method of valuation employed by the city's Board of Assessors was based on list price. The court stated in its written opinion:

"Finally, while defendants stated in their post-trial briefs that all methods were considered, it seems apparent from the trial that in fact the City of Detroit had a policy of using solely list price when this price was available, and only considered alternative methods of assessment when the items in question did not have a list price."

Defendant disputes this finding as a matter of fact, but the only testimony cited in its brief relating to alternative valuations was that of Mr. Harris Oesterle, an examiner for the STC. The mere conflict between his testimony and that of the plaintiff's expert however is an insufficient reason for upsetting the decision of the court below. This was a *de novo* bench trial on the merits, and the trial judge was free to accord whatever weight he deemed appropriate to the testimony of the various witnesses.

With regard to the legality of the tax, the central issue in the court below, we consider the following stipulated facts: Prior to February of 1971 Mohawk was not producing any machines for sale on the retail market and as of December 31, 1971, there had been sold a total of 1,289 of the

15,539 end-user (retail) market machines. Of these 1,289 sales 69 machines had been sold at list price and 1,220 at discounts from list or at new-offered prices. The 1,289 sales represented 7.8% of the total end-user production and of the 16 machines sold nationally at list price only one of these sales occurred in Michigan.

MCLA 211.27; MSA 7.27,[2] defined "cash value" as:

"the usual selling price at the place where the property to which the term is applied shall be at the time of assessment, being the price which could be obtained therefor at private sale, and not at forced or auction sale."

In *Alger-Delta Co-operative Electric Association v Bay De Noc Township,* 13 Mich App 41, 42; 163 NW2d 714 (1968), this court said:

"Three acceptable methods of determining 'true cash value' are: (1) actual cash value determined by a current or negotiated selling price, (2) adjusted reproduction cost, and (3) capitalization of income."

Mohawk's expert witness described the list price technique of valuation as a "purely clerical operation" and that since there were "virtually no sales at the catalog list price" that an assessment process relying on such figures would not yield the true cash value or fair market value.

We find that the trial court heard sufficient testimony tending to show that the list price method of assessment—as applied to Mohawk's data processing equipment—was an unrealistic

---

[2] This provision was enacted in accordance with Const 1963, art 9, § 3. The changes brought about by its amendment, 1973 PA 109, are of no consequence to the issues of this appeal.

approach to a valuation of this property, that it was at variance with financial realities and that the result was an illegal tax. We therefore affirm the ruling of the circuit court.

The last issue raised by the city is whether it was reversible error for the trial court to allow the plaintiff to introduce testimony relative to the methods used by taxing authorities outside the City of Detroit. The one case cited by the defendants is *Hoerner-Waldorf Corp v Village of Ontonagon,* 26 Mich App 542; 182 NW2d 759 (1970), where this court held that it was reversible error —in a § 53 tax refund suit—for the trial court to have allowed proof regarding assessments and taxes paid by other taxpayers on property located in assessing districts other than those named in that lawsuit. But in that case the only issue involved the propriety of the average level of assessment *within* the taxing district.

In the instant case the issue is not geographically confined to the city limits of Detroit or the County of Wayne. Instead the central question was whether the list price method of assessing certain data processing equipment fairly reflected the true cash value of the property. The relevance and probative value of the proffered testimony was determined by the trial court and absent proof of abuse of discretion we decline to disturb that ruling.

The judgment of the circuit court is therefore affirmed. No costs. A public question involved.