### XEROX CORPORATION v CITY OF KALAMAZOO

1. TAXATION—TAX TRIBUNAL—JURISDICTION.

    The Tax Tribunal has jurisdiction over an action where prior to the establishment of the Tax Tribunal a circuit court would have had jurisdiction under § 53 of the General Property Tax Act (MCLA 205.701 *et seq.,* 211.53; MSA 7.650[1] *et seq.,* 7.97).

2. JUDGMENT—RES JUDICATA—BAR—SUBSEQUENT ACTIONS.

    The doctrine of res judicata only applies to bar a subsequent action if the prior action was rendered on the merits, on the same matter in issue and between the same parties or their privies.

Appeal from the Michigan Tax Tribunal. Submitted May 4, 1977, at Lansing. (Docket Nos. 28124–30.) Decided June 7, 1977.

Complaints in circuit court by Xerox Corporation against the City of Kalamazoo for a refund of personal property taxes which had been paid under protest. The actions were transferred to the Tax Tribunal, which dismissed the actions. Plaintiff appeals. Reversed and remanded.

*Butzel, Long, Gust, Klein & VanZile* (by *Lawrence R. VanTil),* for plaintiff.

*Morris & Culver, P. C.,* for defendant.

Before: DANHOF, C. J., and R. B. BURNS and E. A. QUINNELL,* JJ.

REFERENCES FOR POINTS IN HEADNOTES

[1] 72 Am Jur 2d, State and Local Taxation § 1140.

[2] 47 Am Jur 2d, Judgments § 394 *et seq.*

72 Am Jur 2d, State and Local Taxation § 1149.

* Circuit judge, sitting on the Court of Appeals by assignment.

DANHOF, C. J. Plaintiff appeals by right from an *ex parte* order of the Michigan Tax Tribunal dismissing its actions against defendant for the recovery of taxes paid under protest. We reverse.

For the tax years 1966, 1967, and 1968 defendant's assessor valued the machines owned and leased by plaintiff on an "estimated selling price" basis for purposes of computing plaintiff's personal property taxes. Each year plaintiff challenged this method of valuation, appealing first to the Board of Review and then to the State Tax Commission (STC). The STC redetermined the challenged assessments, but adhered to the "estimated selling price" valuation method.

After its appeals to the STC were concluded, plaintiff paid its taxes under protest and filed a total of seven suits for refunds in circuit court, pursuant to MCLA 211.53; MSA 7.97. These suits were eventually consolidated, since the complaints contained common allegations that the personal property taxes assessed were illegal and unconstitutional because of the method of valuation employed.

While the circuit court actions were pending, the Tax Tribunal was established pursuant to MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.* On November 6, 1974, the consolidated circuit court actions were transferred to the Tax Tribunal, whereupon plaintiff filed a motion for summary judgment, asserting that defendant had failed to state a valid defense to the claims asserted against it. The Tax Tribunal not only denied plaintiff's motion for summary judgment, but also concluded that it was without jurisdiction over plaintiff's claims because "the assessments at issue therein have been determined in final decisions of the State Tax Commission which have not been ap-

pealed to the Court of Appeals". Accordingly, the Tax Tribunal entered an *ex parte* order dismissing plaintiff's consolidated cases with prejudice. Plaintiff's subsequent motion for reinstatement and reconsideration was denied and this appeal followed.

MCLA 205.731; MSA 7.650(31), confers upon the tribunal exclusive and original jurisdiction to conduct:

"(a) A proceeding for direct review of a final decision, finding, ruling, determination, or order of an agency relating to assessment, valuation, rates, special assessments, allocation, or equalization, under property tax laws.

"(b) A proceeding for refund or redetermination of a tax under the property tax laws."

Under MCLA 205.741; MSA 7.650(41), the tribunal has jurisdiction over actions which were reviewable by the STC or by a circuit court. In *Emmet County v State Tax Commission,* 397 Mich 550, 555; 244 NW2d 909 (1976), the Court said:

"Section 31 places jurisdiction in the Tax Tribunal over those matters arising under the property tax laws and, consistent therewith, § 41 eliminates the tax commission and the circuit court as forums in which those very matters were formerly litigated."

See *Imerman Screw Products Co v Hamtramck,* 67 Mich App 727, 730; 242 NW2d 505 (1976). Thus it is clear that the tribunal now has jurisdiction to entertain the present plaintiff's actions if they could have been maintained in circuit court prior to the creation of the tribunal. Formerly two remedies were available to a taxpayer who wished to contest his tax assessment. He could (1) appeal to the STC pursuant to § 152 of the General Prop-

erty Tax Act, MCLA 211.152; MSA 7.210, or (2) pay the contested tax under protest and sue in the circuit court for a refund pursuant to § 53 of the General Property Tax Act, MCLA 211.53; MSA 7.97. *Fisher-New Center Co v Detroit,* 38 Mich App 750, 755; 197 NW2d 272 (1972). Although review of a property tax assessment in circuit court and appeal to the STC were viewed as separate and distinct methods of challenging a tax assessment, both avenues of relief could be pursued simultaneously. *Mohawk Data Sciences Corp v Detroit,* 63 Mich App 102, 105; 234 NW2d 420 (1975).

An STC determination of the valuation of property for assessment purposes was considered final and binding as to the *amount* of that assessment, but it did not constitute a determination of the *validity* of the tax imposed or the taxpayer's right to recover taxes paid under protest by virtue of a timely suit. See *In the Matter of Xerox Corp v State Tax Commission,* 383 Mich 823 (1970). Determination of the validity of the tax imposed was the function of a § 53 circuit court action:

"[I]t is clear from the language of § 53 that it provides the taxpayer with a remedy only if he can show that the imposition of the tax is illegal. The determination of the constitutionality of a tax is clearly a matter of judicial review and cannot be decided exclusively by an administrative agency." *Xerox Corp v Detroit,* 64 Mich App 159, 163; 235 NW2d 173 (1975).

Plaintiff's lawsuits, which challenged the legality and constitutionality of the taxes levied by defendant, were previously maintainable before a circuit court under § 53 of the General Property Tax Act. Accordingly, the tribunal has jurisdiction to entertain these actions and it erred in failing to recognize that jurisdiction. MCLA 205.731; MSA

7.650(31), MCLA 205.741; MSA 7.650(41); *Emmet County v State Tax Commission, supra.*

The tribunal's finding that it could not consider plaintiff's § 53 claims because it was "duty bound to apply the concept of res judicata * * * not only to [the] previously entered Circuit Court decisions but also to [the] decisions of the State Tax Commission issued prior to the transfer of jurisdiction", was likewise erroneous. "The doctrine of res judicata only applies to bar a subsequent action if the prior action was rendered on the merits, on the same matter in issue and between the same parties or their privies." *Fry v Kaiser,* 60 Mich App 574, 578; 232 NW2d 673 (1975). The present cases were transferred to the tribunal by the circuit court before it made any determination on the merits of plaintiff's claims. Similarly, the STC determinations did not resolve the issues presented by plaintiff regarding the legality and constitutionality of the taxes it was required to pay. Indeed, the STC could not properly have decided those issues. *Xerox Corp v Detroit, supra.*

Plaintiff's contention that one of the tribunal members erred reversibly in failing to disqualify himself from taking part in the proceedings below is without merit.

The order of the Tax Tribunal dismissing plaintiff's causes of action is reversed and the instant cases are remanded for reinstatement and consideration on the merits of plaintiff's claims. No costs, a public question.