EYDE v CHARTER TOWNSHIP OF LANSING

Opinion of the Court

1. Constitutional Law—Statutes—Examination of Constitutional Provisions—Alteration of Statute by Reference to Title—Case Precedent.

Two considerations are paramount in examining any constitutional provision and particularly the provision which provides that "no law shall be revised, altered or amended by reference to its title only" and that "the section or sections of the act altered or amended shall be re-enacted and published at length"; the first consideration is a simple reading of the language to determine its meaning, and the second consideration is an analysis of how the courts have interpreted the language (Const 1963, art 4, § 25).

2. Constitutional Law—Reasonable Construction.

A constitutional provision must receive a reasonable construction with a view to giving it effect.

3. Taxation—Tax Tribunal Act—Act Complete in Itself—Constitutional Law—Statutes.

The Tax Tribunal Act is an act complete in itself and thereby falls squarely within the rule that an act complete in itself is not within the mischief designed to be remedied by a constitutional provision that "no law should be revised, altered or amended by reference to its title only" and that "the section or sections of the act altered or amended shall be re-enacted and published at length" and cannot be held to be prohibited by the constitutional provision without violating the plain intent (Const 1963, art 4, § 25, MCLA 205.701 et seq.; MSA 7.650[1] et seq.).

4. Taxation—Tax Tribunal Act—Act Complete in Itself—Statutes.

The Tax Tribunal Act is an act complete in itself in that it

References for Points in Headnotes
[1, 2] 16 Am Jur 2d, Constitutional Law § 58 et seq.
[3, 4] 73 Am Jur 2d, Statutes § 140.
[5, 6] 72 Am Jur 2d, State and Local Taxation § 1074.

creates a tax tribunal, defines its jurisdiction and provides a complete procedure by which the final decisions, findings, rulings, determinations or orders of taxing authorities relating to assessment, valuation, rates, allocation or equalization under property tax laws or proceedings for refund or redetermination of tax may be considered by the tribunal (MCLA 205.701 *et seq.*; MSA 7.650[1] *et seq.*).

5. TAXATION—TAX TRIBUNAL ACT—JURISDICTION—CIRCUIT COURT—
     TAX TRIBUNAL—ACCELERATED JUDGMENT—APPEAL AND ERROR
     —STATUTE.

An accelerated judgment in circuit court for a defendant taxing authority in an action for the refund of property taxes paid under protest by a plaintiff should be affirmed where the accelerated judgment was based on the circuit court's lack of jurisdiction over the matter because the Tax Tribunal Act has conferred exclusive jurisdiction for such matters upon the Tax Tribunal (MCLA 205.701 *et seq.*; MSA 7.650[1] *et seq.*).

DISSENT BY M. J. KELLY, J.

6. TAXATION—TAX TRIBUNAL ACT—JURISDICTION—TAXES PAID UNDER
     PROTEST—TAX REFUND—GENERAL PROPERTY TAX ACT—CIRCUIT
     COURT.

*The Tax Tribunal Act confers exclusive and original jurisdiction in the Tax Tribunal for an appeal for refund of property taxes paid under protest; however, where at the time plaintiffs commenced an action in circuit court for a refund of the taxes paid under protest, the provisions of the general property tax act allowing such an action to be commenced in circuit court had not been deleted by the Legislature and the plaintiffs relied on the then existing provision in the General Property Tax Act to their detriment, the Court of Appeals should remand the case to the Tax Tribunal with directions to allow the plaintiffs to try the merits of their appeal for a refund of the tax (MCLA 205.701 et seq.; 211.53; MSA 7.650[1] et seq., 7.97).*

Appeal from Ingham, Ray C. Hotchkiss, J. Submitted April 12, 1977, at Lansing. (Docket No. 29633.) Decided October 25, 1977. Leave to appeal applied for.

Complaint by Patrick R. Eyde and Michael G. Eyde against the Charter Township of Lansing for a refund of property taxes paid under protest.

Accelerated judgment for defendants. Plaintiffs appeal. Affirmed.

*Sinas, Dramis, Brake, Turner, Boughton, McIntyre and Reisig, P. C.,* for plaintiffs.

*Thrun, Maatsch and Nordberg* (by *Patrick J. Berardo),* for defendant.

Before: R. M. Maher, P. J., and M. J. Kelly and J. J. Kelley,* JJ.

Per Curiam. Plaintiffs-appellants filed a complaint in Ingham County Circuit Court on March 16, 1976, claiming that they had paid a $93,009.80 property tax assessment under protest to defendant township on February 16, 1976. The complaint requested a refund of the taxes paid. Defendant answered the complaint and filed a motion for accelerated judgment on the ground that the circuit court lacked jurisdiction over the subject matter. The motion contended that exclusive jurisdiction of such matters had been conferred upon the Michigan Tax Tribunal by the provisions of the act creating the tribunal. On July 9, 1976, the trial court entered its opinion and order granting defendant's motion for accelerated judgment. Plaintiffs appeal from this order as of right.

Plaintiffs commenced this action under a provision of the General Property Tax Act, MCLA 211.53; MSA 7.97. That section of the act provides that a person may protest within 60 days of payment any tax or special assessment which is paid. A person may, within 30 days after such protest, sue the township or city for the amount paid and recover, if the tax or special assessment is shown to be illegal. However, the Tax Tribunal Act en-

* Circuit judge, sitting on the Court of Appeals by assignment.

acted in 1973 contains contrary provisions. MCLA 205.735(2); MSA 7.650(35)(2) requires suit to be brought within 30 days and contains no provision for a protest within 60 days as is contained in the General Property Tax Act.

The Tax Tribunal Act also contains several provisions divesting the circuit courts of jurisdiction over suits for a refund. While the General Property Tax Act permits a taxpayer to seek a refund of taxes paid by filing suit in the taxpayer's local circuit court, MCLA 211.53; MSA 7.97, the Tax Tribunal Act gives exclusive and original jurisdiction to the Tax Tribunal, MCLA 205.731; MSA 7.650(31). Under MCLA 205.741; MSA 7.650(41), one who could have proceeded before the state tax commission or a circuit court before enactment of the Tax Tribunal Act, must now proceed before the tribunal. MCLA 205.774; MSA 7.650(74) abolishes the right to sue for a refund other than in proceedings before the tribunal.

Plaintiffs contend that because of these provisions which are contrary to the General Property Tax Act, the Tax Tribunal Act, MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.,* violates Const 1963, art 4, § 25, which provides:

"No law shall be revised, altered or amended by reference to its title only. The section or sections of the act altered or amended shall be re-enacted and published at length."

Plaintiffs claim that it was the intent of the Legislature to amend the General Property Tax Act; that since there was no republication of that act, the Tax Tribunal Act is unconstitutional.

Our Supreme Court scrutinized the constitutional provision involved here in *Advisory Opinion re Constitutionality of 1972 PA 294,* 389 Mich 441; 208 NW2d 469 (1973), which dealt with the "no-

fault" insurance act. The opinion provides valuable guidelines and a useful framework for an analysis of the Tax Tribunal Act and its validity under Const 1963, art 4, § 25.

In examining any constitutional provision and § 25 of article 4 in particular, two considerations are paramount. The first is a simple reading of the language to determine its meaning.

"The language of § 25 is quite clear. It says succinctly and straightforwardly that no law (meaning statutory enactment) shall be revised, altered or amended by reference to its title only. The constitutional language then proceeds to state how it shall be done (i.e., the section[s] of the act in question shall be amended by reenacting and republishing at length).

\* \* \*

"Section 25 is worded to prevent the revising, altering or amending of an act by merely referring to the title of the act and printing the amendatory language then under consideration. If such a revision, alteration or amendment were allowed, the public and the Legislature would not be given notice and would not be able to observe readily the extent and effect of such revision, alteration or amendment." 389 Mich at 470.

Examination of the Tax Tribunal Act shows that no law was revised, altered or amended merely by title. No other law is mentioned in the act. Plaintiffs argue, however, that a section or sections of the General Property Tax Act have been altered or amended without reenactment and publication at length as required by the constitution. To review this claim, we look for guidance to the second consideration suggested by the Supreme Court for examining constitutional provisions. The Court has advised that we direct our attention to an analysis of precedent. "How have the courts interpreted this language?" 389 Mich at 470.

In *Constitutionality, 1972 PA 294, supra,* the Supreme Court quoted extensively from the opinion of Justice COOLEY in *People v Mahaney,* 13 Mich 481 (1865), which construed the predecessor of Const 1963, art 4, § 25. A constitutional provision, COOLEY said, must receive a reasonable construction with a view to giving it effect. 13 Mich at 497. The Supreme Court in 1973 quoted with approval Justice COOLEY's wise observations concerning the meaning of § 25.

" 'If, whenever a new statute is passed, it is necessary that all prior statutes modified by it by implication should be re-enacted and published at length as modified, then a large portion of the whole code of laws of the state would require to be republished at every session, and parts of it several times over, until from the mere immensity of the material, it would be impossible to tell what the law was * * * .

" 'An amendatory act which purported only to insert certain words, or to substitute one phrase for another in an act or section which was only referred to but not republished, was well calculated to mislead the careless as to its effect, and was, perhaps, sometimes drawn in that form for that express purpose. Endless confusion was introduced into the law, and the constitution wisely prohibited such legislation.' " 13 Mich at 496–497, cited in 389 Mich at 471–473.

After advising that the no-fault insurance law did not violate these standards, the Supreme Court again quoted *Mahaney:*

" 'But an act complete in itself is not *within the mischief designed to be remedied by this division and cannot be held to be prohibited by it without violating the plain intent.'* (p 497.) (Emphasis added.)" 389 Mich at 473.

The Tax Tribunal Act is an act complete in

itself, falling squarely within the rule set forth by Justice COOLEY in *Mahaney*. It creates a tax tribunal, defines its jurisdiction and provides a complete procedure by which the final decisions, findings, rulings, determinations or orders of taxing authorities relating to assessment, valuation, rates, allocation or equalization under property tax laws or proceedings for a refund or redetermination of tax may be considered by the tribunal.

The "mischief designed to be remedied" by art 4, § 25, misleading the public and the Legislature as to the intent of the legislation, is not present in this case. The Tax Tribunal Act falls within the general tax law and is easily discoverable. It does not confuse or mislead: it states what it purports to do in explicit language.

Plaintiffs' reliance on *Mok v The Detroit Building and Savings Association No 4*, 30 Mich 511 (1875), and *Alan v Wayne County*, 388 Mich 210; 200 NW2d 628 (1972), is misplaced. In its advisory opinion, the Supreme Court distinguished the two cases with an analysis applicable to the present case. *Mok* involved amendments by reference that were patently contrary to the constitution, unlike the matter in the Tax Tribunal Act. The Tax Tribunal Act does not "alter or amend the statute by reference or by striking out or insertion of words without reproduction of the statute in its amended form". 389 Mich at 475. The confusing cross referencing between statutes objected to in *Mok* is not required by the Tax Tribunal Act.

*Alan v Wayne County, supra,* is also distinguishable. There the offending statutory language was not an amendment by implication: Justice WILLIAMS noted that fact in *Alan* itself and the Supreme Court relied on Justice WILLIAMS' language in its advisory opinion. *Alan* differs significantly

from *Mahaney* and other cases where the amendment by implication has been considered and held valid.

In its advisory opinion, *Constitutionality, 1972 PA 294, supra,* at 477, the Supreme Court concluded its discussion of Const 1963, art 4, § 25 with language appropriate for the present case.

"Amendments by implication are an inevitable by-product of the legislative scheme of government. It boggles the mind to contemplate the laws which would be rendered unconstitutional *ab initio* and the avalanche of litigation which would follow were we to construe § 25 in so extended a manner as to find unconstitutional its effect upon 1972 PA 294."

A reasonable interpretation of the constitutional provision requires our holding that the Tax Tribunal Act, MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.,* does not violate Const 1963, art 4, § 25. Accordingly, the circuit court did not have jurisdiction over this matter and the judgment granting defendant its motion for accelerated judgment is affirmed.

J. J. KELLEY, J., concurred.

M. J. KELLY, J. *(dissenting).* At the time plaintiffs commenced this lawsuit under MCLA 211.53; MSA 7.97, that provision of the General Property Tax Act provided:

"A person may protest any tax or special assessment which is paid within 60 days of such payment, whether levied on personal or real property, to the treasurer, specifying in writing, signed by him, the grounds of the protest, and the treasurer shall minute the fact of the protest on the tax roll. The person may, within 30 days after such protest, sue the township or city for the

amount paid, and recover, if the tax or special assessment is shown to be illegal for the reason shown in the protest. In cities where, by special provision, state and county taxes are collected by the county treasurer, suits for the recovery of state and county taxes only shall be brought against the county, and any such suit against a county for the recovery of taxes or special assessments so paid to the county treasurer shall proceed in all respects as provided herein for suits against townships."

Effective October 25, 1976, after the trial court had entered its opinion and order in the instant case, the Legislature deleted the quoted language from the statute. 1976 PA 292. The quoted language of the statute did not specify in which court a protest action could be instituted, but plaintiffs are correct in assuming that prior to the Tax Tribunal Act, MCLA 205.701 *et seq.;* MSA 7.650(1) *et seq.,* MCLA 205.731; MSA 7.650(31), MCLA 205.741; MSA 7.650(41), the circuit court was a proper forum to bring the action. *Xerox Corp v Kalamazoo,* 76 Mich App 150; 255 NW2d 797 (1977), *Mohawk Data Sciences Corp v Detroit,* 63 Mich App 102; 234 NW2d 420, *lv den,* 395 Mich 778 (1975), MCLA 211.53; MSA 7.97.

It is true as the majority says, that the Tax Tribunal Act provides for exclusive and original jurisdiction of the appeal by the plaintiffs for refund of their taxes paid under protest. MCLA 205.731; MSA 7.650(31), MCLA 205.741; MSA 7.650(41). The act further provides that a protest proceeding must be brought "within 30 days after the receipt of a bill for a tax he seeks to contest". MCLA 205.735(2); MSA 7.650(35)(2). This time limit in which to institute an action is much less than the potential 90-day time limit found under the General Property Tax Act, MCLA 211.53; MSA 7.97, as provided during the time relevant to this lawsuit. Furthermore, the time limit provided in

MCLA 211.53; MSA 7.97 begins once a person has "protested", whereas under the Tax Tribunal Act the time limit begins to run after the "receipt of a bill for a tax he seeks to contest". MCLA 205.735(2); MSA 7.650(35)(2).

The Supreme Court has stated:

"[W]here the Legislature really intends to amend previous statutes so that their operation is narrower or broader than stated or previously construed to be, then this intent as expressed *is not amendment by implication* and cannot be rendered amendment by 'implication' by the device of failing to point out the specific section intended to be altered or amended." *Alan v Wayne County,* 388 Mich 210, 282; 200 NW2d 628, 663; 67 ALR3d 1079, 1116 (1972). (Emphasis in original.)

In the instant case plaintiffs were misled to their prejudice by relying on the General Property Tax Act, MCLA 211.53; MSA 7.97, which prior to the Tax Tribunal Act had allowed them to initiate an appeal in circuit court, and provided them with a potential 90-day time limit for instituting the action. As a result of their justifiable reliance on that provision in the General Property Tax Act, plaintiffs have lost a chance to protest a tax because the law was not clear and readily discoverable. The cited provisions of the Tax Tribunal Act "revised, altered or amended" the section of the General Property Tax Act, MCLA 211.53; MSA 7.97, without a contemporaneous reenactment or republishing of the provision. This was in violation of Const 1963, art 4, § 25. See *Alan v Wayne County, supra.* Later the Legislature deleted the conflicting passage in the General Property Tax Act, thus indicating its awareness of the conflict with the Tax Tribunal Act. 1976 PA 292.

If the Legislature had deleted the passage when

it passed the Tax Tribunal Act we would have nothing to decide. I think it erred by not doing so.

I would find that the plaintiffs here have been denied their right to seek a refund of taxes paid under protest because of reliance on the then existing conflicting provision of the General Property Tax Act. The conflicting provision was in effect during plaintiff's action in the circuit court and this Court should grant them relief to have their protest tried on the merits. Since the appropriate forum for that relief is the Tax Tribunal I would construe MCLA 205.773; MSA 7.650(73)[1] as permitting this Court to remand the case to the Tax Tribunal with direction to allow plaintiffs to try the merits of their appeal for a refund of the tax. I would do so under the authority vested in this Court by GCR 1963, 820.1(7).

---

[1] The section provides:

"When a matter is decided by a forum described in Section 41 [including circuit court] and the decision is appealed, and when, after the effective date of this act, the matter is remanded, the remand shall be to the tribunal for such action as the appellate court may direct."

MCLA 205.741; MSA 7.650(41) provides:

"A person or legal entity which, immediately before the effective date of this act, was entitled to proceed before the state tax commission or circuit court of this state for determination of a matter subject to the tribunal's jurisdiction, as provided in section 31, shall proceed only before the tribunal."