CONSOLIDATED ALUMINUM CORPORATION, INC. v RICHMOND
TOWNSHIP

Docket No. 77-1367. Submitted June 22, 1978, at Detroit.—Decided
January 17, 1979.

Consolidated Aluminum Corporation, Inc., owns the main and
Germay aluminum plants located in Richmond Township, Os-
ceola County, Michigan. The township assessor appraised the
main plant at a true cash value of $1,420,000 with an assessed
value of $710,000 for the years 1975 and 1976. The Germay
plant was appraised at a true cash value of $180,000 with an
assessed value of $90,000 for 1975. In 1976, the Germay plant
appraisal was reduced to a true cash value of $100,000 with an
assessed value of $50,000. Consolidated Aluminum appealed
these assessments to the Michigan Tax Tribunal. The Tribunal
held a hearing and after this hearing issued an order affirming
the assessments made by the township. Consolidated Alumi-
num appeals this order contending that the Tribunal commit-
ted an error of law in affirming the township assessments.
*Held:*

The Tax Tribunal may not automatically affirm township
assessments without making its own determination of true cash
value. It cannot reject all of a taxpayer's evidence concerning
true cash value. Where the taxpayer's evidence is rejected and
the Tribunal fails to make its own determination, the decision
of the Tribunal must be reversed and the matter remanded to
the Tax Tribunal for a determination of the true cash value of
the taxpayer's properties.

Reversed and remanded.

1. TAXATION — TAX TRIBUNAL — DECISIONS — REVIEW — APPEAL
   AND ERROR — CONSTITUTIONAL LAW — STATUTES.
   The power of an appellate court to review decisions of the State

REFERENCES FOR POINTS IN HEADNOTES
[1] 71 Am Jur 2d, State and Local Taxation § 603.
[2] 72 Am Jur 2d, State and Local Taxation §§ 713, 780, 796.
[3] 71 Am Jur 2d, State and Local Taxation § 604.
   72 Am Jur 2d, State and Local Taxation § 787.
[4] 71 Am Jur 2d, State and Local Taxation §§ 125, 127.
[5] 72 Am Jur 2d, State and Local Taxation §§ 753, 754, 799, 800.

Tax Tribunal is very limited and no appeal may be taken from
any decision of the Tax Tribunal in the absence of fraud, error
of law, or the adoption of wrong principles; therefore, a review-
ing court is bound by the factual determination of the Tax
Tribunal and may properly consider only questions of law
(Const 1963, art 6, § 28, MCL 205.753[1]; MSA 7.650[53][1]).

2. Taxation — Tax Tribunal — Property — True Cash Value —
   Burden of Proof — Statutes.

A taxpayer has the burden of proof in establishing the true cash
value of his property before the State Tax Tribunal (MCL
205.737[3]; MSA 7.650[37][3]).

3. Taxation — Tax Tribunal — Original Actions — Statutes.

A proceeding before the State Tax Tribunal is original and
independent and is de novo (MCL 205.735[1]; MSA 7.650[35][1]).

4. Taxation — Tax Tribunal — Assessments — True Cash Value
   — Statutes.

The State Tax Tribunal, in arriving at its determination of a
lawful property assessment, shall determine the amount by
multiplying its finding of true cash value by a percentage equal
to the ratio of the average level of assessment in relation to
true cash values in the assessment district (MCL 205.737[1];
MSA 7.650[37][1]).

5. Taxation — Tax Tribunal — Assessments — True Cash Value
   — Township Appraisals — Tribunal Findings.

The State Tax Tribunal is required to make its own finding of
true cash value in arriving at its determination of a lawful
property assessment and where no evidence was presented from
which the Tax Tribunal could have determined the true cash
value of a taxpayer's properties it may not automatically affirm
a township assessment of the value of such properties.

*Butzel, Long, Gust, Klein & Van Zile* (by *Lawrence R. Van Til, John H. Dudley, Jr.,* and *D. Stewart Green*), for plaintiff.

*Talhelm & Smith,* for defendant.

Before: D. C. Riley, P.J., and M. F. Cavanagh and B. M. Hensick,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

PER CURIAM. Petitioner appeals an order of the Michigan Tax Tribunal affirming assessments made by respondent upon two parcels of industrial property owned by petitioner.

The properties involved here each contain an aluminum manufacturing plant. The larger plant is referred to as the "main plant" and the smaller plant is referred to as the "Germay plant". Petitioner acquired both of these plants, as well as 8 other production facilities located in other states, for a lump sum price of $122,300,000.

The tax years involved here are 1975 and 1976. For both years, respondent appraised the main plant at a true cash value of $1,420,000 and assessed value of $710,000. The Germay plant was appraised at a true cash value of $180,000 with an assessed value of $90,000 for 1975. For 1976, the Germay plant appraisal was reduced to a true cash value of $100,000 with an assessed value of $50,000.

At the outset, we note that this Court's power to review decisions of the Tax Tribunal is very limited. In declaring that the Tax Tribunal is the final agency for the administration of the property tax law as specified in Const 1963, art 6, § 28, MCL 205.753(1); MSA 7.650(53)(1), the Legislature removed the Tribunal from court review of its decisions except under the limited circumstances set forth in that constitutional provision:

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the administration of property tax laws from any decision relating to valuation or allocation."

Thus, on appeal from a ruling of the Tax Tribunal, the reviewing court is bound by the factual deter-

minations of the Tribunal and may properly consider only questions of law. *Ironwood v Gogebic County Bd of Comm'rs,* 84 Mich App 464, 469; 269 NW2d 642 (1978). See also *Ann Arbor v University Cellar,* 65 Mich App 512, 516; 237 NW2d 535 (1975), *rev'd on other grounds,* 401 Mich 279; 258 NW2d 1 (1977), *Mohawk Data Sciences Corp v Detroit,* 63 Mich App 102, 105; 234 NW2d 420 (1975).

Petitioner contends that the Tax Tribunal committed an error of .law in affirming the respondent's assessments on its properties. We agree with the Tax Tribunal that the burden of proof is on the taxpayer in establishing the true cash value of his property. MCL 205.737(3); MSA 7.650(37)(3). However, we disagree with the Tribunal's proposition that, "In the absence of proof justifying a different value, the assessment as placed upon the rolls by the assessing authority must be presumed valid".

A proceeding before the Tribunal is original and independent and is *de novo.* MCL 205.735(1); MSA 7.650(35)(1). MCL 205.737(1); MSA 7.650(37)(1), provides:

"In arriving at its determination of a lawful property assessment, the tribunal shall determine the amount by multiplying *its finding of true cash .value* by a percentage equal to the ratio of the average level of assessment in relation to true cash values in the assessment district." (Emphasis added.)

In *Consumers Power Co v Big Prairie Twp,* 81 Mich App 120, 129; 265 NW2d 182 (1978), this Court recently said:

"It was the duty of the Tax Tribunal, as the Legislature's designated agent for that purpose, to determine

the true cash value of Hardy Dam and appurtenant property, following which it was bound to apply ministerially the requisite equalization factor. Const 1963, art 9, § 3 * * *."

Thus, it appears from the above citations of authority, that the Tribunal is required to make its own finding of true cash value. In the instant case, the Tribunal rejected all of petitioner's evidence concerning true cash value. The following testimony was introduced at the hearing regarding respondent's assessments of the properties in question.

The only witness for respondent was Dorman Elder, Osceola County Equalization Director, who testified in place of the county assessor who was unable to testify due to illness. Elder was not allowed to state any independent valuation conclusions because of respondent's failure to submit written appraisals before the hearing. His testimony was limited to explaining the basis upon which the original assessments had been made. A review of Elder's testimony reveals no basis from which the Tax Tribunal could have arrived at a finding of true cash value.

The parties stipulated that the "main tool" used by respondent's assessor in appraising the properties was the consideration shown on the 1969 deeds of transfer from Miller Industries to Olin Corporation.[1] These deeds listed the consideration for the main and Germay plants as $1,418,000 and $200,000 respectively. Olin's director of Federal taxes testified that these figures had nothing to do with true cash value, and that they were "a fiction of federal tax law".

There is no evidence on the record to indicate

---

[1] Miller Industries and Olin Corporation, respectively, were the previous owners of the properties in question.

that respondent complied with MCL 211.27; MSA 7.27, which requires an assessor in determining the value of property to consider:

"* * * the advantages and disadvantages of location, quality of soil, zoning, existing use, present economic income of structures, including farm structures and present economic income of land when the land is being farmed or otherwise put to income producing use, quantity and value of standing timber, water power and privileges, mines, minerals, quarries, or other valuable deposits known to be available therein and their value."

This is even more apparent in light of respondent's reduction of the Germay plant assessment from $180,000 to $100,000 upon the recommendation of Elder, who testified that he recommended the reduction after going through the Germay plant and observing how few workers were employed there.

We conclude that there was no evidence presented at the hearing from which the Tax Tribunal could have determined the true cash value for the properties in question. The Tribunal may not automatically affirm respondent's assessment without making its own determination of true cash value. Accordingly, we reverse the Tax Tribunal's affirmance of the current assessments and remand to the Tribunal for a determination of the true cash value of petitioner's properties.

We decline to address petitioner's issue regarding the Tribunal's rejection of its evidence going to true cash value for two reasons: First, because it would require us to consider factual determinations of the Tax Tribunal which we are not allowed to do, *supra,* and secondly, because of our disposition of this matter.

Reversed and remanded.