ALHI DEVELOPMENT COMPANY v ORION TOWNSHIP

Docket Nos. 47084, 47085, 47086. Submitted June 18, 1980, at Detroit.
—Decided November 2, 1981.

Alhi Development Company owns 42 parcels of land in Orion
Township. The township, in tax years 1976 through 1979,
assessed 37 of the lots at $1,000 each. The five remaining lots
were assesssed at various values in tax years 1978 and 1979.
The assessment of one parcel changed between tax year 1978
and 1979, from $79,600 to $83,200. Alhi petitioned the Michi-
gan Tax Tribunal for review of the assessments, contending
that the assessments were excessive, confiscatory, and based
upon arbitrary figures rather than true cash value. The Tax
Tribunal affirmed the assessments. Alhi appeals. *Held:*

1. The Tax Tribunal made no specific finding of true cash
value as is required by statute.

2. The language of the Tax Tribunal opinion and judgment
indicates that it applied an incorrect standard for reviewing
the assessments.

3. A $1,000 tax assessment cannot be said to reflect property
having only a "nominal" value.

4. The decision of the Tax Tribunal is reversed and the
matter is remanded. If any lots are found to have a nominal
value on remand, the assessment for each such lot shall not
exceed $100. The tribunal shall determine the fair market
value of the larger parcels as of the time of the assessment,
assuming a willing buyer and a willing seller and giving full

REFERENCES FOR POINTS IN HEADNOTES

[1] 5 Am Jur 2d, Appeal and Error §§ 820, 875.
[2] 74 Am Jur 2d, Taxpayers' Actions § 60.
[3] 71 Am Jur 2d, State and Local Taxation § 604.
[4, 7] 71 Am Jur 2d, State and Local Taxation § 125.
  72 Am Jur 2d, State and Local Taxation § 759 *et seq.*
  Sale price or real property as evidence in determining value for tax
  assessment purposes. 89 ALR3d 1126.
[5] 72 Am Jur 2d, State and Local Taxation §§ 718, 1151.
[6] [No reference]
[8] [No reference]

weight to all relevant conditions affecting such value and considering the highest and best use of the parcels.

Reversed and remanded.

CYNAR, J., concurred in the result only.

1. TAXATION — APPEAL — CONSTITUTIONAL LAW — STATUTES.

The power of an appellate court to review decisions of the State Tax Tribunal is very limited and no appeal may be taken from any decision of the Tax Tribunal in the absence of fraud, error of law, or the adoption of wrong principles; therefore, the Court of Appeals is bound by the factual determination of the Tax Tribunal and may properly consider only questions of law (Const 1963, art 6, § 28, MCL 205.753[1]; MSA 7.650[53][1]).

2. TAXATION — TRUE CASH VALUE — BURDEN OF PROOF — STATUTES.

A taxpayer has the burden of proof in establishing the true cash value of his property before the State Tax Tribunal (MCL 205.737[3]; MSA 7.650[37][3]).

3. TAXATION — ORIGINAL ACTIONS — TAX TRIBUNAL — STATUTES.

A proceeding before the State Tax Tribunal is original and independent and is *de novo* (MCL 205.735[1]; MSA 7.650[35][1]).

4. TAXATION — TRUE CASH VALUE — TAX TRIBUNAL.

The State Tax Tribunal is required to make its own finding of true cash value in arriving at its determination of a lawful property assessment (MCL 205.737[1]; MSA 7.650[37][1]).

5. TAXATION — ASSESSMENTS — PRESUMPTION OF VALIDITY.

A conclusive presumption of validity as to an individual tax assessment arises only after an appeal is decided or the time for appeal has expired.

6. TAXATION — APPEAL — TAX TRIBUNAL — STATUTES.

Appeals to the Tax Tribunal are governed by the terms of the Tax Tribunal Act (MCL 205.701 *et seq.;* MSA 7.650[1] *et seq.).*

7. TAXATION — ASSESSMENTS — APPEAL.

The standard of review to be applied by the Tax Tribunal in reviewing the validity of a tax assessment is whether the petitioner has proved in the proceeding before the Tax Tribunal by the greater weight of evidence that the assessment in question is too high based upon the true cash value of the property valued.

8. WORDS AND PHRASES — "NOMINAL".
    The word "nominal" has been defined as meaning trivial, token,
    or having no appreciable value.

*Barry K. Branch,* for petitioner.

*Beier, Howlett, McConnell, Googasian & Mc-Cann,* for respondent.

Before: N. J. KAUFMAN, P.J., and CYNAR and J. E. TOWNSEND,* JJ.

J. E. TOWNSEND, J. Petitioner, Alhi Development Company, appeals an order of the Michigan Tax Tribunal affirming assessments made by respondent, Orion Township, on 42 parcels of land owned by petitioner.

Thirty-seven parcels were vacant platted lots. The remaining 5 parcels were larger, ranging in size from 13 to 70 acres. Respondent assessed the 37 platted lots at $1,000 each during the tax years 1976 to 1979, both inclusive. For tax years 1978 and 1979 respondent assessed parcel 09-25-400-003 at $35,000, parcel 09-25-376-002 at $71,500 and parcel 09-25-305-001 at $87,500. For tax year 1979 respondent assessed parcel 09-25-304-001 at $12,-000. For tax years 1978 and 1979 respondent assessed parcel 09-26-451-001 at $79,600 and $83,200, respectively.

This Court's power to review decisions of the Tax Tribunal is limited by MCL 205.753(1); MSA 7.650(53)(1) to the circumstances specified in Const 1963, art 6, § 28 as follows:

"In the absence of fraud, error of law or the adoption of wrong principles, no appeal may be taken to any court from any final agency provided for the adminis-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

tration of property tax laws from any decision relating
to valuation or allocation."

 Thus, our Court is bound by the factual determi-
nations of the Tax Tribunal and may consider only
questions of law. *Consolidated Aluminum Corp,
Inc v Richmond Twp,* 88 Mich App 229; 276 NW2d
566 (1979), and cases cited therein.

By the provisions of MCL 205.737(3); MSA
7.650(37)(3), the burden of proof is on petitioner to
establish the true cash value of the property in
question.

A proceeding before the Tax Tribunal is original
and independent and is *de novo.* MCL 205.735(1);
MSA 7.650(35)(1). By provisions of MCL 205.737(1);
MSA 7.650(37)(1), the Legislature requires the Tax
Tribunal to make a finding of true cash value in
arriving at its determination of a lawful property
assessment.

Like the factual situation in the case of *Consoli-
dated Aluminum, supra,* the Tax Tribunal major-
ity in this case made no specific "finding of true
cash value" as is required by the above statute.

Furthermore, we must address apparent errors
of law and the application of wrong principles as
disclosed by the opinion and judgment of the Tax
Tribunal.

First, the Tax Tribunal in its opinion and judg-
ment referred to a presumption of validity, appar-
ently relying for such principle upon the language
of MCL 211.31; MSA 7.31, which provides that
upon completion of an assessment roll it shall be
conclusively presumed to be valid. Such statutory
language by its terms is subject to an exception for
"causes hereinafter mentioned".

We determine that the conclusive presumption
of validity as to an individual assessment arises

only after an appeal is decided or the time for appeal has expired with respect to such parcel. Recognition of a conclusive presumption of validity as being applicable to an assessment appeal would preclude meaningful review of an assessment. A conclusive presumption of validity is diametrically opposed to the concept of an original, independent, *de novo* proceeding at which the petitioner simply bears the burden of proof. Rather, appeals to the Tax Tribunal are governed by the terms of the Tax Tribunal Act, MCL 205.701 *et seq.;* MSA 7.650(1) *et seq. Eyde v Lansing Twp,* 79 Mich App 358; 261 NW2d 321 (1977), *State Treasurer v Eaton,* 92 Mich App 327, 333; 284 NW2d 801 (1979). The Tax Tribunal Act does not adopt a presumption of validity as a standard for review. Rather, the standard of review to be applied is whether in the proceeding before the Tax Tribunal, petitioner has proved, by the greater weight of evidence, that one or more of the assessments in question were too high based upon the Tax Tribunal's findings as to the true cash value.

The language of the Tax Tribunal opinion and judgment indicates that it has applied a different and incorrect standard for review in this case.

The tribunal majority also states in its opinion and judgment:

"An assessment of $1,000 per lot by [r]espondent has not been shown to be in flagrant error * * *."

The taxpayer is not obliged to prove that the assessment is "in flagrant error". To succeed, it need only prove, by the greater weight of the evidence, that the assessment is too high.

The tribunal majority further states in its opinion and judgment:

"An assessment of $1,000 per lot by [r]espondent has not been shown to be * * * based on any value other than what we construe to be 'nominal' given the circumstances and evidence before us."

Thus, the tribunal construed a $1,000 assessment and the value it represented to be "nominal". We agree with dissenting Judge Don D. Kramer that a $1,000 assessment cannot be defined as reflecting a "nominal" value. "Nominal" has been defined as trivial, token, having no appreciable value. Sums of one cent, six cents and one dollar have been held to be "nominal".

If the Tax Tribunal, upon remand, determines that the platted lots in question have no "true cash value" (equated by case law to fair market value) or only a nominal value, the assessment for each such lot shall not exceed the $100 amount agreed to by petitioner.

Upon remand, the Tax Tribunal shall determine the fair market value of the parcels in question as of the time of the assessment, assuming a willing seller and a willing buyer, giving full weight to the effect that the sewage disposal problem and all other relevant conditions had on the then market value of such parcels. *CAF Investment Co v Saginaw Twp*, 410 Mich 428, 464; 302 NW2d 164 (1981).

Following remand, the Tax Tribunal should determine whether each of the five larger parcels were suitable for "development" purposes, as urged by respondent, and, if so, their fair market value for such purpose as of the date of the assessment. If the Tax Tribunal decides that the development of all or some of said parcels was not feasible at the time of assessment and that, as a result, their market value was reduced below their market value for some other purpose, the tribunal

should determine the highest and best use of such parcel as of the time of assessment and the fair market value for such highest and best use at the time of the assessments in question.

We reverse and remand for further proceedings in accordance with this opinion.

CYNAR, J., concurs in the result only.