FIRST FEDERAL SAVINGS & LOAN ASSOCIATION OF FLINT v
CITY OF FLINT

Docket No. 66947. Decided December 23, 1982. On application by the
petitioner for leave to appeal, the Supreme Court, in lieu of
granting leave to appeal, reversed the judgment of the Court of
Appeals and remanded the case to the Tax Tribunal. Rehearing
denied 417 Mich 1105.

The First Federal Savings & Loan Association of Flint challenged
an assessment of its real property in downtown Flint which
was based on the historical cost of the building plus the cost of
improvements made by First Federal, minus depreciation. First
Federal made its own appraisal by capitalizing comparable
rents paid by other banks in Flint. The Tax Tribunal adopted
the decision of a hearing officer who upheld the city's method
of assessment, reasoning that the improvements had value to
First Federal because they enhanced its "image" of stability
and success. The Court of Appeals, Cynar, P.J., and J. H. Gillis
and Allen, JJ., affirmed (Docket No. 50629). First Federal
applies for leave to appeal.

In a unanimous opinion per curiam, the Supreme Court *held:*

The constitution and the General Property Tax Act require
property tax assessments to be based on market value, not
value to the owner. It was improper to include the cost of
improvements made to enhance the owner's image and business
without regard to whether they add to the selling price of the
building.

1. The constitution requires that property tax assessments
reflect true cash value. The General Property Tax Act defines
"true cash value" as the usual selling price of the property.
While actual construction cost and reproduction cost are some
evidence of value, the constitutional and statutory standard is
based on the market.

2. Only expenditures which add to the cash value or selling
price of the property are taxes, not expenditures which merely
enhance the "image" or business of a property owner. Expendi-
tures for the construction or improvement of property may
increase the selling price of the property, but not necessarily
dollar-for-dollar. It is not proper to determine the value of
property by including expenditures made to enhance the own-

er's image or business without regard to whether they add to the selling price of the property. Absent more persuasive evidence, such as comparable sales, historical cost, or reproduction cost may be considered in determining the usual selling price, but where such costs merely enhance image or business they are not subject to taxation.

Reversed and remanded.

104 Mich App 609; 305 NW2d 553 (1981) reversed.

*Neithercut, Klapp, Shegos & Dillard* (by *James C. Dillard)* for the First Federal Savings & Loan Association of Flint.

PER CURIAM. The City of Flint assessed improvements to property owned by First Federal Savings & Loan Association of Flint on the basis of historical cost. The Tax Tribunal and the Court of Appeals approved the assessment, reasoning that the improvements had value to First Federal because they enhanced its image. Because the constitution and the General Property Tax Act require that property tax assessments be based on market value, not value to the owner, we reverse.

I

First Federal owns a building in downtown Flint that was constructed in 1926 and purchased by First Federal in 1966. First Federal occupies the first three floors of the building, and the remaining floors are closed.

After purchasing the building for $675,000, First Federal spent approximately $475,000 to renovate the building, adding the types of improvements suitable to a bank's image.

Because there have been no recent sales of comparable properties, the parties have used other methods to determine value. First Federal made

its own appraisal of the property, computed from rents paid by other banks in Flint. Capitalizing those comparable rents, First Federal calculated the value of its property to be $447,000.

Flint's appraiser rejected the use of the income approach because the rents First Federal had used were either based on old leases or for less favorable locations. The city appraiser instead relied upon the cost approach. The cost of the building and its improvements, after depreciation, yielded a property value of $750,000.

A Tax Tribunal hearing officer upheld Flint's use of the cost approach, reasoning that the improvements had value to First Federal because they enhanced a financial institution's image of stability and success.[1] The Tax Tribunal adopted the decision of the hearing officer.

The Court of Appeals affirmed the judgment of the Tax Tribunal and held that the income approach was inappropriate because the property had a unique value to First Federal.

## II

The constitution requires that property tax as-

---

[1] The hearing officer said:

"The income approach does not provide for the inclusion of value which may be present in the form of enhancement of the purchaser's image. Petitioner is a financial institution whose success in business depends upon its image to a great degree. *If* its main office building has value in the form of enhancement of petitioner's image, there is no place in the income approach in which such value will be reflected.

"It must be presumed that petitioner did not expend $1.15 million dollars in the acquisition and renovation of quarters which it occupies itself for the purpose of realizing rental profits. What petitioner sought (and what it got) was suitable premises for its banking operations. If petitioner is not realizing profits from the property, then there must be other value present in this property which accounts for such expenditure. That value is in the form of enhancement of petitioner's business." (Emphasis in original.)

sessments reflect "true cash value".[2] The General Property Tax Act defines that term to mean "the usual selling price" of the property.[3]

While actual and reproduction cost are some evidence of value, the constitutional and statutory standard is market-based.

The Tax Tribunal erred in adopting the hearing officer's reasoning that the value should include amounts expended for physical improvements that the hearing officer found were made to enhance the bank's "image" or "business", without regard to whether the expenditures added to the "cash" or "usual selling price" of the property. The law does not tax expenditures that merely enhance the image or business of the owner, only expenditures that add to the cash value or selling price of the property.

It can be anticipated that, if a bank puts fine hardwood and marble throughout a building, those expenditures may not enhance the selling price of the building in an amount equal to their cost. While the expenditures may add to the selling price of the building, they may not add dollar-for-dollar.

A building is sometimes worth less the day after completion of construction than its cost of construction. Ordinarily overimprovements are built by government,[4] not by private entrepreneurs who, in theory at least, would not construct an improve-

[2] Const 1963, art 9, § 3.

[3] MCL 211.27; MSA 7.27.

[4] Governments, not infrequently for reasons of policy, build schools, hospitals, and indeed private housing in neighborhoods where private entrepreneurs will not build, which are worth less on the market than they cost to construct.

ment unless they thought it was worth at least what it cost to build.[5]

The constitution and statute do not authorize a tax on the value of lumber or marble incorporated into a building, but on the market value of the completed structure and land.[6]

We do not hold that the income approach advocated by First Federal's appraiser should govern, nor do we fault the city's appraiser or the Tax Tribunal for *considering* historical cost. Rather, we reject the notion that it is proper to include, in determining value, expenditures made, as the Tax Tribunal found, to enhance plaintiff's image and business without regard to whether they add to the selling price of the building.

Absent more persuasive evidence, such as comparable sales, historical cost or reproduction cost can be considered in arriving at the usual selling price, but historical or reproduction cost that

[5] If the government were to sell an overimprovement to a private person, market price rather than the cost of construction would govern for ad valorem tax purposes. If the government subsidizes a private enterprise in constructing such structures, the market value rather than cost would govern.

This issue can also arise where a private landowner, for personal reasons or simple improvidence, overbuilds for the neighborhood. He constructs a house that costs $150,000 in a neighborhood where all the other houses are worth about $75,000. In the relevant market, the house costing $150,000 may be worth $125,000 or $100,000, but not $150,000. Because it is an overimprovement for the neighborhood, the house, although brand new, should be valued at the market value, not at what it cost.

Merely because the owner may have constructed an improvement that cost more than the improvement is worth on the market should not subject the owner to a higher ad valorem tax.

[6] Even if the structure is not an overimprovement, expenditures on it do not necessarily enhance its value dollar-for-dollar. A greenhouse, a gazebo, a tennis court, or a hot tub, while of value to the owner, do not necessarily add dollar-for-dollar to the usual selling price.

merely enhances image or business but not selling price is not subject to taxation.

We find an "error of law or the adoption of wrong principles" within the meaning of Const 1963, art 6, § 28, and reverse and remand to the Tax Tribunal for further proceedings.

FITZGERALD, C.J., and KAVANAGH, WILLIAMS, LEVIN, COLEMAN, RYAN, and RILEY, JJ., concurred.