CONNORS & MACK HAMBURGERS, INC v DEPARTMENT OF TREASURY

Docket No. 63174. Submitted May 11, 1983, at Lansing.—Decided October 11, 1983.

Connors & Mack Hamburgers, Inc., a franchise of McDonald's Systems, Inc., was required to pay 11-1/2% of its gross income to McDonald's. Three percent was a service fee and the balance was rent for the business building, which was owned by McDonald's. Connors & Mack deducted the 3% service fee as a business expense on its single business tax returns and McDonald's included it as business income and paid the taxes involved. The Michigan Department of Treasury determined that the payment of the 3% was a royalty and therefore not deductible by Connors & Mack and consequently not to be included in McDonald's income and assessed a tax deficiency against Connors & Mack. Connors & Mack petitioned the Michigan Tax Tribunal for redetermination of its single business tax. The Tax Tribunal affirmed the determination and deficiency assessment of the Department of Treasury. Petitioner appealed. *Held:*

There is no reason not to honor the allocation of rights and duties effectuated by the parties. Where there is a genuine multiple-party transaction with economic substance which is compelled or encouraged by business or regulatory realities, is imbued with tax-independent considerations, and is not shaped solely by tax-avoidance features that have meaningless labels attached, the government should honor the allocation of rights and duties effectuated by the parties.

The decision of the Tax Tribunal is reversed and the deficiency assessment is set aside.

1. TAXATION — TAX TRIBUNAL — FINDINGS OF FACT — FRAUD — APPEAL.

The Court of Appeals is bound by the factual determinations of the Michigan Tax Tribunal where fraud is not alleged.

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 2 Am Jur 2d, Administrative Law §§ 653, 657.
[2, 3] 2 Am Jur 2d, Administrative Law § 612.
[3] 2 Am Jur 2d, Administrative Law § 691.
[4] 71 Am Jur 2d, State and Local Taxation § 456.

2. Taxation — Tax Tribunal — Appeal — Scope of Review — Constitutional Law.

Appellate review of determinations of the Michigan Tax Tribunal is limited, where fraud is not alleged, to the question of whether the Tax Tribunal committed an error of law or adopted a wrong principle (Const 1963, art 6, § 28).

3. Taxation — Tax Tribunal — Error of Law.

A decision of the Michigan Tax Tribunal that is not supported by competent, material, and substantial evidence is an error of law.

4. Commerce — State — Taxation.

The state, where there is a genuine multiple-party transaction with economic substance which is compelled or encouraged by business or regulatory realities, is imbued with tax-independent considerations, and is not shaped solely by tax-avoidance features that have meaningless labels attached, should honor the allocation of rights and duties effectuated by the parties.

*Chirco, Donaldson, Herrinton & Runstadler* (by *J. Bruce Donaldson),* for petitioner.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck,* Assistants Attorney General, for respondent.

Before: MacKenzie, P.J., and M. J. Kelly and S. Everett,* JJ.

Per Curiam. The petitioner in this case is appealing from the affirmance by the Tax Tribunal of a deficiency assessment by the Department of Treasury. Petitioner was a franchisee of McDonald's Systems, Inc. As such a franchisee it was required to pay to McDonald's 11-1/2% of its gross income. According to the agreement of the parties, 3% was a service fee, the balance rent for the

---

* Circuit judge, sitting on the Court of Appeals by assignment.

business building, which was owned by McDonald's.

In the preparation of its single business tax returns petitioner deducted the 3% service fee as a business expense and McDonald's included it as business income and paid the taxes involved. The Tax Tribunal determined that the payment was a "royalty" and, therefore, not deductible by the payor and consequently not to be included in the payee's income.

Where fraud is not alleged, this Court is bound by the factual determinations of the Tax Tribunal. *First Federal Savings & Loan Ass'n of Flint v Flint,* 104 Mich App 609; 305 NW2d 553 (1981). Review is limited to whether the Tax Tribunal committed an error of law or adopted a wrong principle. Const 1963, art 6, § 28. A decision of the Tax Tribunal that is not supported by competent, material, and substantial evidence is an error of law. *Bridgewater Twp v Washtenaw County Bd of Comm'rs,* 106 Mich App 103; 307 NW2d 429 (1981).

In the course of the hearing as well as in its brief, appellee admits that McDonald's performed services in exchange for the payment of the service fee. Appellee contends, however, that no exact breakdown of the cost of the services was submitted to the Tax Tribunal. Further, appellee admits that there is no tax avoidance involved as the state collects the same amount from McDonald's as it would from the franchisee. In *Frank Lyon Co v United States,* 435 US 561, 583-584; 98 S Ct 1291; 55 L Ed 2d 550 (1978), the United States Supreme Court said:

"In short, we hold that where, as here, there is a genuine multiple-party transaction with economic substance which is compelled or encouraged by business or regulatory realities, is imbued with tax-independent

considerations, and is not shaped solely by tax-avoidance features that have meaningless labels attached, the Government should honor the allocation of rights and duties effectuated by the parties."

While this rule was applied in the case of the federal income tax, we see no reason why its application should not also be extended to the instant case. It is clear that the agreement is between parties with antagonistic interests. What is good for the franchisee, the deduction of a business expense, is bad for the franchisor, the payment of a tax on business income. Further, it is clear that services are rendered for this payment. We see no reason not to honor the allocation of rights and duties effectuated by the parties.

Accordingly, we reverse the decision of the Tax Tribunal and set aside the deficiency assessed. No costs should be allowed.