MOURAD BROTHERS, INC v DEPARTMENT OF TREASURY

CURIS BIG BOY, INC v DEPARTMENT OF TREASURY

Docket Nos. 95983, 95987. Submitted March 10, 1988, at Detroit. Decided October 3, 1988.

Mourad Brothers, Inc., and Curis Big Boy, Inc., and George Curis are franchisees of Elias Brothers Restaurants, Inc. Each franchisee paid to Elias Brothers a franchise fee of five percent of its gross sales. While the franchise agreements contained no allocation of the franchise fee, prior agreements had provided that the franchise fee of five percent of gross sales was made up of a charge of two percent of gross sales for services rendered by the franchisor, a charge of two percent of gross sales for advertising and a payment of one percent of gross sales as royalties. The franchisees each claimed that, since only one percent of gross sales was a royalty payment, only that one percent of gross sales need be added as adjustments in determining their tax bases for single business tax purposes. The Michigan Department of Treasury took the position that, since Elias Brothers treated the entire fee of five percent of gross sales as a royalty, the entire five percent fees must be added to the respective tax bases for single business tax purposes. The franchisees each petitioned the Tax Tribunal. The Tax Tribunal found that the parties intended that the franchise fee be apportioned in the same manner as under prior franchise agreements but, nevertheless, required the franchisees to treat the full fee as royalties which must be included in their tax bases for single business tax purposes because the franchisor had claimed as royalties the entire franchise fee payments. Each petitioner appealed.

The Court of Appeals *held:*

The Tax Tribunal, upon determining as a matter of fact that only a portion of the franchise fee was intended by the parties to be royalties, should have permitted the franchisees to use only the one percent of gross sales actually intended as royalties in computing their tax bases for single business tax pur-

REFERENCES

Am Jur 2d, State and Local Taxation §§ 266 *et seq.*

See the Index to Annotations under Franchise Taxes.

poses. The fact that the Department of Treasury will be required to insist that the franchisor amend its single business tax return to reflect that only a portion of the franchise fee was for royalties should not act to defeat a franchisee's right to have its single business taxes computed on a proper basis.

Reversed in part and affirmed in part.

1. TAXATION — SINGLE BUSINESS TAX — FRANCHISE FEES — ROYALTIES.

The franchise fee paid by a franchisee must be added to the franchisee's tax base upon which the single business tax is computed only to the extent that such franchise fee represents a payment of royalties by the franchisee to the franchisor; to the extent that the franchise fee includes amounts for services and advertising, such amounts may, for single business tax purposes, be treated as a deduction from the tax base of the franchisee and an addition to the tax base of the franchisor (MCL 208.9[4][g]; MSA 7.558[9][4][g]).

2. TAXATION — TAX TRIBUNAL — FRANCHISE FEES.

It is an error of law for the Tax Tribunal to refuse to permit a franchisee to subtract from its tax base for single business tax purposes that portion of the franchise fee which the Tax Tribunal has found to represent a payment for expenses and advertising rather than royalties merely because the franchisor was not treating such portion of the franchise fee as an addition to its tax base for single business tax purchases.

*Ansara & Darany* (by *Victor L. Ansara* and *George G. Darany*), for Mourad Brothers, Inc.

*Carson, Fischer & Potts* (by *William C. Edmunds* and *Robert A. Weisberg*), for Curis Big Boy, Inc., and George Curis.

*Frank J. Kelley*, Attorney General, *Louis J. Caruso*, Solicitor General, and *Richard R. Roesch* and *Curtis G. Beck*, Assistant Attorneys General, for respondents

Before: DOCTOROFF, P.J., and CYNAR and P. D. HOUK,* JJ.

* Circuit judge, sitting on the Court of Appeals by assignment.

DOCTOROFF, P.J. In these consolidated cases, petitioners are appealing from the affirmance by the Tax Tribunal of assessments by the Department of Treasury. The questions on appeal are whether the tribunal erred in its interpretation of *Connors & Mack Hamburgers, Inc v Dep't of Treasury,* 129 Mich App 627; 341 NW2d 846 (1983), as it applies to the factual findings in this case and in its holding that petitioners must "add back" the entire franchise fee to their tax base under § (9)(4)(g) of the Single Business Tax Act (SBTA). We reverse in part and remand for a modification of the judgment of the Michigan Tax Tribunal in accordance with this opinion.

Petitioners are franchisees of Elias Brothers Restaurants, Inc., operating franchise locations in Michigan. Petitioners pay a fee of five percent of gross sales per month to Elias Brothers pursuant to a provision in the franchise agreement.

Prior agreements between the parties had allocated the five-percent franchise fee as follows: two percent of gross sales was for services rendered, two percent of gross sales was for advertisement, and one percent of gross sales was for royalties. Although the present franchise agreements do not enumerate an allocation of the five percent franchise fee, there has been no change in the services provided; in fact, in later years there has been an increase in the services provided by Elias Brothers to its franchisees.

In *Town & Country Dodge, Inc v Dep't of Treasury,* 420 Mich 226, 234-235; 362 NW2d 618 (1984), reh den 421 Mich 1202 (1985), the Supreme Court observed:

The Single Business Tax Act, enacted as 1975 PA 228, MCL 208.1 *et seq.;* MSA 7.558(1) *et seq.,* was new and experimental legislation in this state.

> The single business tax (SBT) is best understood as a value added tax, although it is not a pure value added tax. . . .
>
> The SBT imposes a specific tax of 2.35% on the adjusted tax base of every person with business activity in this state. MCL 208.31(1); MSA 7.558(31)(1). "Tax base" is defined as business income subject to the adjustments in subsections (2)—(9). MCL 208.9(1); MSA 7.558(9)(1). "Business income" is further defined as federal taxable income. MCL 208.3(3); MSA 7.558(3)(3). The SBTA, § 9, allows certain "adjustments" to business income, either subtractions from or additions to, prior to the computation of the tax. MCL 208.9; MSA 7.558(9).

The starting point for calculating the tax base is business income, to which § 9 adjustments are made. The adjustments in question in this case require the addition to business income of royalties paid by the taxpayer, to the extent deducted from federal taxable income, MCL 208.9(4)(g); MSA 7.558(9)(4)(g), and the subtraction from business income, to the extent included in federal taxable income, of royalty income, MCL 208.9(7)(c); MSA 7.558(9)(7)(c). *Id.*

Petitioners deduct the franchise fees paid to Elias Brothers as expenses on their federal income taxes. Elias Brothers treats the franchise fees as "royalties received" and subtracts them on their SBT returns. It is the policy of the SBTA to require the franchisee to add back royalties if the franchisor is subtracting them. The SBTA considers the total franchise fee as "royalties" which must be added back by the franchisor under § (9)(4)(g) in determining the SBT tax base.

Petitioners contend that only that portion of the franchise fee equal to one percent of the gross sales constitutes royalties. The remainder of the fee, equaling four percent of gross sales, was paid

for services and advertising, which are not taxable under the SBTA. Respondent contends that the entire monthly fee of five percent of gross sales constitutes royalties under § (9)(4)(g).

The question before the Michigan Tax Tribunal was whether part or all of the franchise fee constitutes royalties within the meaning of § (9)(4)(g) of the SBTA.

The term royalties is not defined in the SBTA. For purposes of § (9)(4)(g), the common understanding of royalties is payment received for the use of property. *Mobil Oil Corp v Dep't of Treasury,* 422 Mich 473, 485; 373 NW2d 730 (1985), reh den 422 Mich 1264 (1985). The Tax Tribunal held that it was clear that some portion of the monthly franchise fee remitted by franchisees to Elias Brothers is not a royalty because it cannot properly be viewed as remuneration for the right to use the style, trademarks and trade names, which are the proprietary aspects of the Elias Brothers' business. The Tax Tribunal found that only that portion of the franchise fee equalling one percent of gross sales was for royalties. The remaining portion of the fee equalling four percent of gross sales was for services and advertising.

The tribunal found that the Department of Treasury has been following the holding in *Connors & Mack, supra,* that effect should be given to the parties' agreement and that the tribunal should honor the allocation of rights and duties effectuated by the parties.

In *Connors & Mack,* the franchisee of McDonald's was required to pay 11½ percent of its gross income to McDonald's. Three percent was a service fee and the balance was rent for the business building which was owned by McDonald's. The franchisee deducted the three percent service fee as a business expense on its SBT returns and

McDonald's included it as business income and paid the taxes involved. The Michigan Department of Treasury determined that the three percent payment was a royalty and, therefore, not to be included in McDonald's income but to be assessed against the franchisee. The franchisee petitioned for redetermination.

In *Connors & Mack, supra,* pp 629-630, the panel quoted from *Frank Lyon Co v United States,* 435 US 561, 583-584; 98 S Ct 1291; 55 L Ed 2d 550 (1978):

> "In short, we hold that where, as here, there is a genuine multiple-party transaction with economic substance which is compelled or encouraged by business or regulatory realities, is imbued with tax-independent considerations, and is not shaped solely by tax-avoidance features that have meaningless labels attached, the Government should honor the allocation of rights and duties effectuated by the parties."

The *Connors & Mack* panel held that the rule of *Frank Lyon* should be extended to its case. The allocation of rights and duties effectuated by the parties should be honored. The Tax Tribunal, which had affirmed the determination and assessment of the Department of Treasury, was reversed. *Id.,* 630.

This holding was reaffirmed in *Stratton-Cheeseman Management Co v Dep't of Treasury,* 159 Mich App 719, 725; 407 NW2d 398 (1987), wherein the panel also held that it is the substance of a transaction rather than the terms applied by the parties which determines how to characterize the payment for tax purposes.

The Tax Tribunal found that Elias Brothers had treated the total franchise payment as a royalty subtraction on its SBT return. The tribunal found

that the Department of Treasury follows *Connors & Mack* which requires a determinationn of how the franchisor and the franchisee have treated the royalty payments under § (9) of the SBTA. The tribunal must then give effect to the parties' agreement.

The Tax Tribunal held that, since Elias Brothers deducted the full five percent franchise fee from its SBT tax base, petitioners must add back the full five percent franchise fee payment. To hold otherwise would be contrary to the franchise agreement between the parties. Further, if the tribunal were to treat the portion of the fee equal to four percent of gross sales as payment for advertising and services expenses, that portion of the fee would escape taxation or the Department of Treasury would have to seek an adjustment to the Elias Brothers' SBT tax base. The tribunal held that tax administration is complicated enough without the necessity of cross-referencing for a liability determination.

This Court's review of Tax Tribunal decisions is limited to determining whether they are authorized by law and whether the factual findings are supported by competent, material and substantial evidence on the whole record. *Mid America Management Corp v Dep't of Treasury,* 153 Mich App 446, 460; 395 NW2d 702 (1986). Review is limited to whether the Tax Tribunal committed an error of law or adopted a wrong principle. Const 1963, art 6, § 28; *Connors & Mack, supra,* p 629.

We hold that the Michigan Tax Tribunal committed an error of law by applying the rule of *Connors & Mack* to the facts of this case. We further hold that the Tax Tribunal adopted a wrong principle by holding that the total franchise fee paid by petitioners to their franchisor must be

added back to its tax base as royalties under § (9)(4)(g).

In *Connors & Mack,* the franchisor had accepted the obligation of claiming the income from the franchise payments for the purposes of the SBT. The Department of Treasury wanted the franchisee to pay the total tax on the franchise payments. The panel held that, since there was no tax avoidance involved, as the state will still realize the same amount of money from either party, the court should honor the allocation of rights and duties effectuated by the parties.

In the instant case, the Tax Tribunal held that its determination was honoring the rights and duties effectuated by the parties, as mandated in *Connors & Mack.* However, unlike the franchisor in *Connors & Mack,* Elias Brothers has not accepted the obligation to add back to its SBT tax base and pay the taxes on these payments. Unlike *Connors & Mack,* the parties are not treating these payments as business income/business expenses. This Court finds no provision in the franchise agreement stating whether the franchisor or the franchisee will claim the franchise fee for SBT purposes. Absent a contractual agreement concerning the tax implications of any allocation of the franchise fee payments and the rights and duties of the respective parties, *Connors & Mack* has no application to this case.

In addition to misapplying *Connors & Mack* to this case, the Tax Tribunal adopted a wrong principle by holding, in essence, that because it is too much trouble for the Department of Treasury to "cross-reference for a liability determination" to discover what percent of the franchise fee was paid as a royalty, the franchisees should add back the entire franchise fee. In order for the Department of Treasury to "honor the allocation of rights

and duties effectuated by the parties," as mandated by *Connors & Mack,* it is now required to determine on a case-by-case basis what agreement, if any, the franchisor and franchisees have in regard to the SBT. Therefore, it must cross-reference in any case.

More importantly, the statute calls for royalties to be added back. Absent a statutory definition, our Supreme Court has defined royalties for the purpose of § (9)(4)(g) as payment received for the use of property. *Mobil Oil, supra,* p 485. This does not include payment for services or payment for advertising.

Where there is no private agreement between the franchisor and franchisee concerning the tax implications of the franchise fee, the tribunal is not relieved of the task of determining what portion of the franchise fee is royalties. The Tax Tribunal correctly determined, supported by competent, material and substantial evidence on the whole record, that the portion of the fee equal to one percent of gross sales had been paid by petitioners as royalties and the remainder of the fee equal to four percent of gross sales was for services and advertising. We therefore hold that the order of the Tax Tribunal affirming the assessments against petitioners should be modified so that petitioners be required to add back to their tax base that portion of the franchise fee equal to one percent of the gross sales, pursuant to MCL 208.9(4)(g); MSA 7.558(9)(4)(g). We remand to the Tax Tribunal for the entry of an order consistent with this opinion.

Reversed in part and affirmed in part.